[No. 4,346.]

## JOHN W. GRIFFITHS *v.* WM. HENDERSON.

COMPLAINT FOR VIOLATION OF CONTRACT.—In a complaint for damages for violation of a contract containing mutual covenants, it is not necessary for the plaintiff to state the facts showing the performance of conditions precedent on his part, but he may state generally that he duly performed all the conditions on his part.

CONSTRUCTION OF LEASE.—If a lease of a tract of land, to be used as a dairy farm, binds the lessor to furnish cows that are fit for dairying, "the number not limited," the lessee to pay a fixed sum per year for each cow, it will be construed as binding the lessor to furnish cows sufficient in number to stock the land leased.

DEMURRER.—A demurrer to the entire complaint is not well taken, if the

complaint contains two counts, and one count contains a cause of action.

APPEAL from the District Court, Eighth Judicial District, County of Humboldt.

Action brought on the 22d day of August, 1873, to recover damages for the violation of the terms of a contract to lease six hundred acres of land, given by the defendant to the plaintiff, and signed by both parties, and containing the following terms:

"This is for a dairy ranch; the lease to commence the 1st day of October, 1871, and continue for the space of five years, ending with October 1st, 1876. To furnish female cattle that are fit for dairying. The number not limited. The party of the second part to pay a cash rent of fifteen dollars for the first three years, for each animal a year; the rent to be paid in the fall of each year and twenty dollars for each animal a year the last two years. And also to pay at the rate of fifteen dollars a year for all female increase that will do to milk except the fourth of the female increase, which is to belong to the party of the second part, for him to do as he pleases, either to dispose of them, or milk them on the ranch. This female increase, when they have calves, to be made a portion of the dairy stock, and rent at the rate of fifteen dollars a year; and the party of the second part to have the benefit of at least six months of these heifers before the expiration of the lease. The party of the second part to raise all the increase in good condition. The party of the second part to have the privilege of disposing of his fourth of the increase, or milk them on the ranch; also, to have the privilege of raising hogs for the use of the dairy waste. All necessary improvements to be made by the party of the second part, without charge; and all necessary fencing for separating pasture to be paid by the party of the first part. The party of the second part to take charge of said dairy on or before the 1st day of August, 1871, and to have for his own exclusive use all he can make from said dairy up to October 1st, 1871; also to board and wash clothes, and make comfortable a room during the

time the party of the first part is on the ranch, including the five years' lease."

The first count of the complaint alleged that the plaintiff had constructed four hundred and fifty rods of fence in order to have separate pastures for carrying on the dairy business, and that the fence was worth $712; and that the plaintiff, though requested, had refused to pay for it.

The second count contained an averment that the plaintiff, by virtue of the agreement, went upon the premises on the 9th day of August, 1871, and duly performed all the conditions of the contract on his part to be kept and performed. It then averred that the defendant refused to furnish any cows for dairying for the use of the plaintiff. Special damages were averred as follows: Two hundred and fifty dollars for the cost of building a dwelling-house on the land; $138 for boarding the defendant, and $1,000 damages otherwise. The defendant demurred to the whole complaint because it did not state facts sufficient to constitute a cause of action. The Court overruled the demurrer. The cause was tried before a jury. The Court charged that the legal effect of the contract was as follows:

" That defendant agreed, June 22d, 1871, to lease to plaintiff certain premises described in the agreement amounting to about six hundred acres, for a dairy ranch for five years. That he agreed to furnish plaintiff with female cattle fit for dairying, number not limited; that is, a number at least sufficient to stock properly six hundred acres, and that could be used to advantage upon that number of acres."

The defendant excepted to the instruction. The defendant asked the following instruction, which was refused.

"Before plaintiff is entitled to recover in this action upon the alleged breach of the contract contained in the complaint, to wit: To furnish female cattle that were fit for dairying—number not limited—he must show by a preponderance of evidence;

" 1st. That he made a demand upon the defendant for the said female cattle.

" 2d. He must have designated the number of the female cattle which he would accept.

"3d. He must have made the demand under, and as a part of his said agreement with the defendant, made on the 22d day of June, 1871."

The plaintiff had a verdict for $609 25, and the defendant appealed from the judgment, and from an order denying a new trial.

*Buck & Stafford,* for the Appellant.

The contract is a sort of lease of land. It also provides for a lease of dairy cows, number not limited. There are also provisions about improvements to be placed upon the leased land. All the covenants contained in the contract are mutual and dependent. Giving the contract the most favorable construction for plaintiff that its terms are capable of bearing, and then plaintiff could only have claimed that defendant failed to furnish cows after a proper demand for some designated number. By the terms of the contract plaintiff was to "furnish female cattle that are fit for dairying. The number not limited."

We contend that as this covenant did not bind plaintiff to accept and pay for any dairy cows, it did not bind defendant to furnish any. It only amounted to an understanding that defendant would furnish some dairy cows, if the parties could afterwards agree upon the number to be furnished.

The complaint does not state facts sufficient to constitute a cause of action. The first cause of action attempted to be set up in the complaint contains no averment that plaintiff had performed the conditions of the contract upon his part.

*Chamberlain & DeHaven,* for the Respondent.

The complaint contains two counts, and the second count certainly states a cause of action. (*Jones* v. *Black,* 30 Cal. 228.)

Appellant contends that by the agreement defendant was not bound to furnish, nor plaintiff to accept any cows. An inspection of the terms of the contract will show the error of this. The contract first provides for a lease of land for

five years. Second, "To furnish cows." Third, the compensation that defendant was to have for the use of said cows and the disposition of the increase. Fourth, for the construction of the improvements, etc. Fifth, the time when plaintiff shall take charge of the dairy and commence operations.

It will be seen that there is no provision in the contract by which the plaintiff may elect to procure cows elsewhere, and no provision therein looking to a failure on the part of defendant, for any reason, to furnish the necessary cows. The contract is entire and as much binds the defendant to furnish cows as land, and, as a consequence, plaintiff to accept "cows fit for dairying," as much as it binds him to accept the land. The whole agreement fixing the various prices during the term, clearly shows upon its face and in the ordinary meaning of language the intent of both parties.

The contract was mutual, binding one to furnish, the other to take; was put in writing and concluded, and was upon a sufficient consideration. (*Canal Co.* v. *Hill,* 15 Wallace, 94.)

By the Court, McKINSTRY, J.:

The general demurrer was to the whole complaint. The second count contains an averment that the defendant "duly performed all the conditions of the contract on his part to be kept and performed." This is a compliance with the statute, and the objection that the pleading is insufficient is not well taken, unless the contract sued on is void.

The District Court charged the jury, in effect, that by the terms of the written agreement the defendant promised to furnish "female cattle" sufficient in number to stock the land leased.

We cannot say this was an error. The word "limited," in the clause "the number not limited," may be construed to be the equivalent of "fixed" or "specified." To construe the contract as authorizing the plaintiff to fix the number, would place in his hands the power of securing the use of the premises for the term of five years, for a rent merely nominal. Taking the instrument as a whole,

it would seem to have been the intention of the parties to it that all of the lands were to be used as a dairy farm— the lessor furnishing kine, in proper number and quality, for carrying into effect the main design of the agreement.

Judgment and order affirmed.

Mr. Justice NILES did not express an opinion.