[Civil No. 427.   Filed January 21, 1896.]

[43 Pac. 219.]

JOHN PALMER, Defendant and Appellant, v. J. H. BREED, Plaintiff and Appellee.

1. PLEADING—DEMURRER—SEPARATE COUNTS.—Where a complaint contains several counts, a general demurrer thereto upon the ground that it fails to state facts sufficient to constitute a cause of action will be overruled if either one of the counts be sufficient.

2. SAME—SEPARATE COUNTS—INSUFFICIENCY OF COUNT—HOW REACHED —SEPARATE DEMURRER.—The proper procedure where there are several counts in the complaint, and one or more be insufficient, is to demur to each of such counts separately.

3. SAME—ATTACHMENT—EXCESSIVE LEVY—DAMAGES—COMPLAINT—SUFFICIENCY.—A complaint which alleges that defendant in a suit against plaintiff for $702.13 caused the sheriff to levy a writ of attachment upon plaintiff's property to the amount of $6,500, and furthermore procured the sum of $662 due plaintiff to be garnished; that such levies were excessive and unreasonable, and were made at defendant's direction, wantonly, and with a view to oppress and injure plaintiff, and did oppress and injure him to his damage, etc., states a cause of action.

4. ATTACHMENT—EXCESSIVE LEVY — TRESPASS — ONE DIRECTING LEVY LIABLE WITH OFFICER.—One who directs an officer to execute a writ of attachment in an oppressive and unreasonable manner, with the intent of damaging the debtor, is equally a trespasser with such officer.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. John J. Hawkins, Judge. Reversed.

The facts are stated in the opinion.

J. F. Wilson, and Robert E. Morrison, for Appellant.

Where an officer levies a writ on property for the collection of a specific sum, and in doing it he seizes the whole estate of the debtor, or property entirely too much, and out of all reasonable proportion to the amount required to secure the demand, he at once becomes a minister of oppression, and not of justice; and for any damage occasioned by it, he is liable; and the party in whose interest the levy is so made who directs, commands, and causes it, is likewise liable.

That the officer is liable, see *Cook* v. *Jenkins & Co.*, 30 Iowa, 452; *Hilliard* v. *Wilson*, 65 Tex. 286; *Silver* v. *McNeil*, 52 Mo. 518; *Handy* v. *Clippert*, 50 Mich. 355, 15 N. W. 507. These authorities make the sheriff liable as a trespasser.

That the execution plaintiff, or attaching plaintiff, is also liable, see *Hilliard* v. *Wilson*, 65 Tex. 288; *Wetzell* v. *Waters*, 18 Mo. 396; *Cook* v. *Hopper*, 23 Mich. 511; *Knight* v. *Nelson*, 117 Mass. 458; *Tompkins* v. *Haile*, 3 Wend. 406; *Root* v. *Chandler*, 10 Wend. 11, 24 Am. Dec. 198.

T. W. Johnston, for Appellee.

"The amount for which the levy is made, as set forth in the writ, is the only guide the officer has in this respect. The duty is not incumbent upon him to give judgment upon the matters in issue, so far as to determine whether or not the plaintiff is to recover such sum. Consequently he cannot regulate his levy by any other standard than that contained in the process. But he is not limited to this sum in making the levy. He may levy upon property greater in value, according to his own estimation, without acting illegally or oppressively in the matter. And yet he has not an uncontrolled discretion in the quantity or value of property upon which to place a lien. Nor can he be altogether directed by the plaintiff or defendant in the matter. The former cannot extend nor the latter limit the levy at will. The officer must exercise reasonable judgment in determining the quantity of property

of defendant he must subject to the lien.... If the levy is excessive, the defendant may, upon application by petition, have the same reduced." 1 Wade on Attachment, sec. 127; *Merrill* v. *Curtiss,* 18 Me. 272; *Fitz* v. *Blake,* 42 Barb. 513; *Thornton* v. *Winter,* 9 Ala. 613; *Hughes* v. *Tennison,* 3 Tenn. Ch. 641.

In other words, it is the officer, and not the plaintiff, in attachment who controls the amount of the levy, and is responsible for any oppressive consequence which may follow.

In the case of *Hilliard* v. *Wilson,* 65 Tex. 288, cited and relied on by appellant, the complaint alleged that the plaintiffs "indemnified the sheriff for the purpose of inducing him to carry out their unlawful designs, combined and confederated with him to sacrifice the property of the appellant, which have been levied on under the writ."

In this case there is no suggestion of any such conduct on the part of this appellee. Nor it there any suggestion that the realty levied on was harmed. Nor could there be any appreciable harm done to realty, because there is no seizure. *Heath* v. *Lent,* 1 Cal. 410.

BAKER, C. J.—The complaint in the case consisted of four several counts, purporting to set up as many causes of action. A general demurrer to the whole complaint was interposed upon the ground that a cause of action was not stated. It was sustained. The appellant declined to amend, and stands upon his complaint and brings this appeal.

The rule is well settled that where a complaint contains several counts a general demurrer thereto upon the ground that it fails to state facts sufficient to constitute a cause of action will be overruled if either one of the counts be sufficient. Maxwell on Code Pleading, 375. The proper procedure where there are several counts in the complaint, and one or more be insufficient, is to demur to each of such counts separately. Id. In the first count it is charged that the defendant (the appellee here) sued the plaintiff (appellant here) for $702.13, and caused a writ of attachment to issue in the suit; that he placed it in the hands of the sheriff, and pointed out, directed, and caused him to levy such writ upon plaintiff's property to the amount and value of $6,500, and furthermore procured the sum of $662 to be garnished in the hands of one of plain-

tiff's debtors; that such levies were made at the instigation and in obedience to the commands of the defendant; and that they were excessive and unreasonable, and were made at the direction and command of the defendant, wantonly, and with a view to oppress and injure the plaintiff, and did damage, oppress, and injure him, etc. This charges the officer with acts that the writ did not justify, and from the consequences of which it could not shield him. It is not an ordinary suit for maliciously suing out a writ of attachment. The gravamen is the abuse of the writ in seizing more property than was required to satisfy it and costs, for the purpose and with the intent of oppressing and damaging the debtor. If an officer intentionally execute a writ in an oppressive and excessive manner in order to damage the debtor, and does damage him, he is as much a trespasser as if he was acting without any process whatever. He is, or should be, a minister of justice, not of oppression, and must execute every writ put into his hands in such a manner as to do as little mischief to the defendant as possible. *Handy* v. *Clippert,* 50 Mich. 355, 15 N. W. 507. It is charged that the defendant instigated, directed, and commanded the excessive and oppressive levy with the view to damage the plaintiff. He was therefore equally a trespasser with the officer. *Hilliard* v. *Wilson,* 65 Tex. 286. It is but fair to the usually cautious and painstaking judge who passed upon the pleading below to state that the complaint is scarcely to be treated as a model of perspicuity. The demurrer, however, should have been overruled. The judgment is reversed.

Bethune, J., and Rouse, J., concur.