[S. F. No. 1004.  Department Two.—June 23, 1899.]

## J. E. CLUNE, Appellant, v. H. W. QUITZOW, Respondent.

TRIAL—FAILURE OF PLAINTIFF TO APPEAR—COUNTERCLAIM—DISMISSAL—JUDGMENT UPON MERITS.—Upon issue joined in an action to recover money, where the defendant has' set up a counterclaim, plaintiff is not entitled to a dismissal of the action, under section 581 of the Code of Civil Procedure, without the consent of the defendant; and, upon failure of the plaintiff to appear at the trial, the defendant is not bound to take a dismissal of the action, though he might do so, but he has the right, under section 581 of that code, to proceed with the case, in the absence of the plaintiff, unless the court for good cause otherwise directs, and to have a judgment entered upon the merits finally disposing of the case; and it is not error for the court to grant such judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion.

Sullivan & Sullivan, and P. L. Koscialowski, for Appellant.

H. W. Quitzow, and Sawyer & Burnett, for Respondent.

HAYNES, C.—This action was based upon three separate causes of action to recover certain sums of money. The defendant answered, putting the facts in issue, and sought to recover from the plaintiff four hundred and four dollars and thirty-seven cents. Plaintiff failed to appear at the trial. The

defendant, as appears from the judgment, was sworn and examined as a witness, and the court thereupon entered judgment that plaintiff "do take nothing by his said action as against H. W. Quitzow, defendant, but that judgment be, and the same is hereby, entered herein in favor of the defendant for his (defendant's) costs and disbursements incurred in this action, amounting to the sum of ten dollars."

The plaintiff appeals from the judgment, upon the judgment-roll, contending that: "Plaintiff having failed to appear at the trial, having offered no proofs, and having in effect abandoned the case, the judgment should have been a judgment of dismissal, and not on the merits."

Appellant relies upon sections 581 and 582 of the Code of Civil Procedure. Section 581 contains six subdivisions, setting out the circumstances under which an action may be dismissed, or a nonsuit entered. Under subdivision 3 the defendant might have had the action dismissed, but he was not bound to do so. The plaintiff could not have had the action dismissed, under this section, without the consent of the defendant, because affirmative relief was sought by the answer. Section 582 provides: "In every case, other than those mentioned in the last section, the judgment must be upon the merits."

Section 594 of the Code of Civil Procedure provides: "Either party may bring an issue to trial, or to a hearing, and in the absence of the adverse party, unless the court, for good cause, otherwise direct, may proceed with his case, and take a dismissal of the action, or a verdict, or judgment, as the case may require."

It was the right of the defendant, under the provisions of said section, to proceed with the case, and to have a judgment entered finally disposing of the case, and the court did not err in granting it.

I advise that the judgment be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        McFarland, J., Temple, J., Henshaw, J.