AMANDA M. WALKER

*v.*

ISAAC C. OGDEN *et al.*

*Opinion filed October 24, 1901.*

PLEADING—*when plea of former adjudication is prima facie sufficient.*
A plea of former adjudication to a bill for assignment of dower,
which alleges that the complainant was made defendant to the bill
in the former cause by the name and style of "unknown owners,"
and that she was duly served by publication under such name and
style; that judgment by default was entered against the "unknown
owners;" that the final decree adjudged that there was due proof
of notice, by publication, to such "unknown owners," and that the
court had jurisdiction of the parties, is *prima facie* sufficient in its
averments of jurisdiction over the person of the complainant as
an unknown defendant in the former cause, without alleging the
filing of the affidavit setting up want of knowledge of the names
of "unknown owners," required by section 7 of the Chancery act.

APPEAL from the Superior Court of Cook county; the
Hon. PHILIP STEIN, Judge, presiding.

CHARLES M. WALKER, and J. N. SWARTS, for appel-
lant.

EDWARD MAHER, and ROBERT F. KOLB, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

On April 15, 1891, the appellant filed her bill of com-
plaint in the court below against Isaac C. Ogden, James
W. Converse and others, to have her dower allotted to
her in lots 5 and 6, of block 5, in Brand's addition to the
city of Chicago. She alleged that she was the widow
of Samuel J. Walker, who died intestate in Cook county
April 15, 1884, seized in fee of said lots. Summons was
issued, but was returned not found as to all of the de-
fendants. The cause was continued until June, 1900, when
the complainant amended her bill and added appellees
Frederic M. Steele and Ella P. Steele as defendants.

Service was then had upon them and upon James W. Converse, all of whom appeared and disclaimed having any interest in lot 6, but Frederic M. and Ella P. Steele claimed title to lot 5 through conveyance to them by quit-claim deed from Converse of date April 9, 1897. Converse filed his amended plea and the Steeles filed two pleas presenting two defenses to the bill.- The first plea of the Steeles and the amended plea of Converse set up a former adjudication, whereby said Converse was decreed to be the owner in fee simple of said lot, and whereby it was decreed that the defendants to that cause, including said unknown owners, did not, nor did either of them, have any claim or right in or to said lot or any part thereof, and that they were severally enjoined from asserting any right, title or interest therein. The pleas set up, according to their legal effect, the pleadings, proceedings and final decree in said former cause as a complete defense to the complainant's bill for dower. The pleas averred, among other things, that the bill of complaint in the said former cause was brought against said Amanda M. Walker, the complainant in this cause, and others, by the name, style and description of "unknown owners," and against other parties named, charging that he, the complainant in said former cause, was the owner of said lot 5 and was in possession thereof, and that divers persons named in the said bill, and certain other persons, including the complainant in this suit, Amanda M. Walker, who were made parties to said bill by the name and description of "unknown owners," claimed said lot or some interest therein; that thereby there was a cloud upon the title of said complainant in said former cause to said lot, and the bill prayed, among other things, that said claims be declared to be clouds upon said title, and that said defendants to said bill be decreed to have no claim to or right in said lot or any portion thereof, and that they be restrained from asserting any such right, title or interest therein, and that the title of said com-

plainant be quieted, and for further relief; that the said Amanda M. Walker was duly served with notice by publication, under the name and description of "unknown owners;" that thereafter, for want of a plea, answer, demurrer or appearance duly filed in said suit, default and judgment *pro confesso* were duly entered by the court against said Amanda M. Walker, under the name and description of "unknown owners," and that it was adjudged in the final decree that due proof of such notice to the defendants in said bill, including said "unknown owners" by publication, of the pendency of said suit, according to the statute in such case made and provided, was given, and that the court had jurisdiction over all the parties to the cause and of the subject matter.

The substance of the former adjudication respecting the title of Converse, the complainant therein, was, that lot 5 was vacant and unoccupied, and that Converse, in 1882, obtained a deed from the county clerk for the same, in pursuance of a sale for delinquent taxes, and thereby acquired and had color of title made in good faith to said lot, and thereafter paid all taxes legally assessed thereon for seven successive years, and thereupon entered into possession of said lot and improved the same, and was legal owner thereof to the extent and according to the purport of his legal title, as provided in section 7 of the act concerning limitations.

The defense to complainant's bill for dower set up by the second plea filed by the Steeles was the Statute of Limitations, (section 6,) that is, possession for seven successive years by Converse, their grantor, under claim and color of title made in good faith, and the payment during that time of all taxes legally assessed on said lots, and that after the expiration of said seven years, and in 1897, Converse sold and conveyed, by quit-claim deed, said lot to them, and that they thereupon entered into possession and have continued in possession thereof ever since, and that at the time of such conveyance to them, in 1897,

they had no actual knowledge of the pendency of complainant's bill for dower. The pleas were set down for argument as to their sufficiency, and were by the chancellor, after argument, allowed and held sufficient, and as the complainant did not reply or wish to contest the truth of the pleas, the bill was dismissed, and this appeal was then taken to this court.

Inasmuch as we are of the opinion that the amended plea of Converse and the first plea of the Steeles, setting up the former adjudication, were rightly held sufficient, it will not be necessary to consider the second plea of the Steeles, setting up the Statute of Limitations, for if the appellant is bound by the former adjudication that she had no right, title or interest in the property, it is immaterial in this case whether, in truth or in fact, the statute had run or not.

The contention of appellant that the pleadings show that her suit was brought within seven years after her right to demand dower accrued, and that therefore her dower could not have been barred by limitation, is unimportant if the pleas show that by a former decree of a court of competent jurisdiction, entered in a cause to which she was a party, she is barred and estopped from asserting her claim, inasmuch as the former decree would, at most, be erroneous and not void, and therefore not open to collateral attack. It has been held by this court that seven years' possession and payment of taxes under color of title made in good faith would bar dower, (*Brian v. Melton*, 125 Ill. 647,) and we see no reason why the statute might not have barred the complainant in this case after her dower had ceased to be inchoate by the death of her husband. Cases cited by appellant holding that the statute will not run against the inchoate right of dower have no application. But, as before said, we shall not consider whether the former decree was erroneous, but only whether it was void or of no effect as against the complainant herein, Amanda M. Walker. The ques-

tion arises on the sufficiency of the averment of the pleas, and is one of jurisdiction of the person in the former suit.

Section 7 of the "act to regulate the practice in courts of chancery," (Hurd's Stat. 1899, p. 222,) is as follows: "In all suits in chancery, and suits to obtain title to lands, in any of the courts of this State, if there be persons interested in the same, whose names are unknown, it shall be lawful to make such persons parties to such suits or proceedings, by the name and description of unknown owners, or unknown heirs or devisees of any deceased person, who may have been interested in the subject matter of the suit previous to his or her death; but in all such cases an affidavit shall be filed by the party desiring to make any unknown person a party, stating that the names of such persons are unknown; and process shall be issued against all parties, by the name and description given as aforesaid; and notices given by publication, as is required in this act, shall be sufficient to authorize the court to hear and determine the suit, as though all parties had been sued by their proper names." And section 43 is as follows: "All decrees, orders, judgments and proceedings, made or had with respect to unknown persons, shall have the same effect, and be as binding and conclusive upon them, as though such suit or proceeding had been instituted against them by their proper names." The statute also makes provision for opening decrees within certain periods of time against persons who have not been summoned, etc.

If Amanda M. Walker had been made a party defendant by name and had been duly summoned, it could not be doubted that she would have been barred and estopped by the former adjudication that she had no right or title to or interest in the premises, nor that her only remedy in such a case would have been in a court of review, on appeal or writ of error. But appellant's counsel contend, notwithstanding the averments of the plea, that the court in the former case obtained no jurisdiction

over her, for the reason, in the first place, that there is no averment that the affidavit required by the statute was filed. , Where the court finds that due notice was given according to the statute and that the court has jurisdiction of the party, it is not necessary that the steps preliminary to such notice and jurisdiction prescribed by the statute should be recited in the decree and found to have been duly taken. We need not consider the question whether the findings in the decree as to notice to and jurisdiction of the person of the defendant are conclusive upon him, and cannot be contradicted even where no service has in fact been had. Had the complainant sought to raise that question she should have replied to the plea. It is sufficient for the purposes of this case to say that the averments of the plea sufficiently set up and show such notice and jurisdiction.

But in the second place, counsel say that the complainant, Amanda M. Walker, was not unknown, and that there is nothing in the former bill or decree that shows that she was one of the unknown owners who were notified by publication and against whom the bill was filed and the decree rendered. That is a question of identity. Where a judgment sued on has been rendered against a defendant by another name, it is necessary that that fact be alleged and proved in order to connect the defendant in the second suit with the judgment sued on. (*Behrensmeyer* v. *Kreitz*, 135 Ill. 591; 11 Ency. of Pl. & Pr. 1123.) The pleas in this case sufficiently aver that said Amanda M. Walker was one of the persons mentioned in the bill and decree as "unknown owners." No issue here has been taken on this averment, and it must, of course, be taken as true. It follows, necessarily, that the complainant is barred and estopped by the former decree from claiming any title to or interest in the lot in question, and it was correctly so held by the chancellor below.

The decree will be affirmed.        *Decree affirmed.*