BERGSTROM v. COMMERCIAL ADVERTISER ASS'N.

(Supreme Court, Appellate Division, First Department.   December 1, 1911.)

1. PLEADING (§ 194*)—GROUND OF DEMURRER.

That a separate and distinct defense "does not show whether it is pleaded as an entire defense, or merely as a partial defense in mitigation of damages," is not an authorized ground of demurrer, under Code Civ. Proc. §§ 488, 490.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 444–452; Dec. Dig. § 194.*]

2. LIBEL AND SLANDER (§ 97*)—DEMURRER—GROUNDS—WHOLE OR PARTIAL DEFENSE.

Where the matters pleaded in a separate and distinct defense to an action for libel constitute a partial defense in mitigation of damages, a demurrer on the ground that the facts pleaded do not constitute either a whole or a partial defense cannot be sustained.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 234–236; Dec. Dig. § 97.*]

3. LIBEL AND SLANDER (§ 97*)—DEMURRER—GROUNDS—INSUFFICIENCY ON FACE OF PLEA.

Where the facts alleged in a separate and partial defense by way of mitigation and reduction of damages constituted a partial defense in an action for libel, and the allegations of another separate defense constituted a partial defense, demurrers on the ground that they were insufficient in law upon their face cannot be sustained.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 234–236; Dec. Dig. § 97.*]

Appeal from Special Term, New York County.

Action by Oscar B. Bergstrom against the Commercial Advertiser Association. From an interlocutory judgment overruling his demurrers to three defenses separately pleaded, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Oscar B. Bergstrom, in pro. per.

Benjamin N. Cardozo (William Shillaber, on the brief), for respondent.

LAUGHLIN, J.   The action is to recover damages for a libel. The plaintiff alleges that the defendant published an article which was to the effect that he, as assignee of a Japanese firm, received the sum of $6,292 in cash, which he failed to turn over to the trustee in bankruptcy of the firm pursuant to an order made by a judge of the United States court, and that a warrant for his arrest for contempt in failing to obey the order was issued by the judge, upon which he was arrested by a United States marshal and in default of bail was lodged in the Tombs; but the only parts of the article alleged to be false are the charge that he received the money and was lodged in the Tombs in default of bail.   The defendant admitted the publication of the article and separately pleaded three defenses, the first of which is pleaded "for a first separate and distinct defense herein, both whole and partial," and the second is pleaded "for a second separate and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

partial defense by way of mitigation, and also reduction of damages, if the plaintiff has suffered any, by reason of any matters alleged in the complaint," and the third is pleaded "for a third separate and distinct defense, both whole and partial." The plaintiff demurred to the first separate and distinct defense on the ground that "it does not show whether it is pleaded as an entire defense, or merely as a partial defense in mitigation of damages," and also assigned as a separate ground of demurrer to this defense that "it is insufficient in law upon the face thereof to constitute either a whole or partial defense." He demurred to the second and third defenses upon the ground that each of them was insufficient in law upon the face thereof.

[1, 2] The first ground of the demurrer is not an authorized ground of demurrer (Code Civ. Proc. §§ 488, 490), and the plaintiff's remedy with respect thereto was by motion to separate the defenses (Code Civ. Proc. § 507). The matters pleaded as a first defense do not constitute a complete defense, for it is not claimed that the article was true with respect to the matters which plaintiff alleges to be false; but the facts therein pleaded do clearly constitute a partial defense in mitigation of damages, for they show that the plaintiff, after becoming the assignee of the firm, allowed the business to be conducted in his name as assignee by the same persons who conducted it before the assignment without any supervision on his part, and without qualifying or filing an inventory, and permitted the trust estate to be disposed of in contravention of his trust, in consequence of which the federal court charged him with the value of the property assigned to him, and required him to account therefor to the trustee in bankruptcy, and that, notwithstanding his failure to perform his duties as assignee, he claimed commissions as if such duties were duly performed by him. The plaintiff, however, having demurred on the ground that the facts so pleaded do not constitute either a whole or a partial defense, his demurrer cannot be sustained, since the facts thus pleaded do constitute a partial defense.

[3] The facts alleged in the second defense, pleaded only as a partial defense by way of mitigation of damages, clearly constitute a partial defense in mitigation of damages, and therefore the demurrer thereto was not well taken. The facts alleged in the third defense do not constitute a complete defense, for the reason that it is not alleged that the article in the respects already pointed out was true, although the allegations thereof constitute a partial defense; but the demurrer thereto, having been taken upon the ground that the third separate and distinct defense is insufficient in law upon the face thereof, cannot be sustained, since it is pleaded both as a complete and as a partial defense, and is good as a partial defense.

It follows, therefore, that the judgment should be affirmed, with costs, but with leave to plaintiff to withdraw his demurrer, on payment of costs in this court and at Special Term. All concur.