[No. 2228]

## ALPHONSE BERNARD, APPELLANT, v. METROPOLIS LAND COMPÁNY (A CORPORATION), RESPONDENT.

[160 Pac. 811]

1. PLEADING—FAILURE TO DENY AFFIRMATIVE ANSWER—ADMISSION —STATUTE.

Under Stats. 1915, c. 158, providing that each material allegation of new matter in the answer, uncontroverted by the reply, must be taken as true, an allegation of the answer, undenied by the replication, must be taken as true.

2. WATERS AND WATERCOURSES—FAILURE TO ESTABLISH ALLEGATIONS OF COMPLAINT.

In an acton to determine water rights, where defendant's answer set up at least one allegation, which, uncontroverted and to be taken as true, established priority of appropriation in favor of defendant, plaintiff failing to establish the allegations of his complaint, the court properly dismissed the action on defendant's motion.

3. PLEADING—DEMURRER.

A demurrer may be made to a whole pleading, or to the statement of any of the grounds embodied therein.

4. PLEADING—DEMURRER—DEMURRER TO WHOLE PLEADING PARTIALLY GOOD.

Where a demurrer is filed to the whole pleading, it may be overruled if any of the statements are held to be good in furtherance of the purpose of the pleading, whether establishing a cause of action or interposing a defense; the rule applying not only as to a complaint, but equally to an answer and its affirmative allegations.

5. PLEADING—DEMURRER TO ENTIRE PLEA OR ANSWER—GOOD SEPARABLE PART.

A demurrer directed to an entire plea or entire answer, which plea or answer contains several separable parts, must be overruled if any one of the parts is in itself good.

6. JUDGMENT—PLEADING—RES ADJUDICATA.

In an action to restrain the diversion of water, allegations of defendant's affirmative answer setting forth the court, the jurisdiction, the subject-matter, and the scope and effect of a former action, plaintiff's connection with the subject-matter, the final judgment bearing upon and having to do with that matter, the common and general interest of plaintiff in that subject-matter, and his connection with the force and effect of the former judgment, was sufficient to constitute a proper pleading of former judgment affecting the parties.

7. JUDGMENT—RES ADJUDICATA.

Where plaintiff was a party to a former action, and the matter adjudicated therein was the same as that sought to be presently adjudicated, plaintiff is bound by the judgment in the former action, and cannot seek relief against the successors to the beneficiaries of the former judgment, inconsistent with it.

8. JUDGMENT—JUDGMENT AS BAR—QUESTION OF FACT.
    The truth of a sufficiently alleged plea of former judgment affecting the same parties and the same subject-matter as involved in the present case was for the trial court, if the plea was denied.

APPEAL from Sixth Judicial District Court, Humboldt County; *Edward A. Ducker*, Judge.

Action by Alphonse Bernard against the Metropolis Land Company, a Corporation. From an order overruling his demurrer to an affirmative answer, and from a judgment entered on the pleadings, plaintiff appeals. **Order and judgment affirmed.**

*A. L. Langwith*, for Appellant:

The decision of the lower court should be reversed because it was error to overrule the demurrer of the appellant to that part of defendant's answer wherein new matter was alleged as affirmative and separate defenses, and especially in overruling the demurrer to defendant's second affirmative and separate defense; also, because it was error for the lower court to render and enter the final judgment and decree dismissing plaintiff's complaint and entering judgment for defendant, as appellant could in no matter be bound by the judgment in the case of *Union Canal Ditch Co.* v. *Pacific Reclamation Co.*, as he was not a party to that action, and the affirmative matter set up in defendant's second affirmative and separate defense could not be a defense and did not state facts sufficient to constitute a defense to appellant's complaint, and appellant's demurrer to the answer on that ground should have been sustained.

In the case of *Union Canal Ditch Co.* v. *Pacific Reclamation Co.* appellant herein was neither a plaintiff nor a defendant. In order to make appellant a party to said action, or to bind him by any judgment entered therein, he should have been brought in and made a party, pursuant to section 45, chapter 140, Statutes of Nevada, 1913. Section 59, Civil Practice Act (Rev. Laws, 5001), does not apply, as the rights of appellant must necessarily be adverse to the rights of many of the plaintiffs in the

action of the Union Canal Ditch Company, or any of the other plaintiffs in the said action, as his rights may be superior to all or nearly all of the plaintiffs in that case. Not being a party to that action, he cannot be bound by the judgment; and no judgment of the court granting the Pacific Reclamation Company the water of Bishop Creek above its reservoir could bind him. (Beach on Injunctions, p. 174, and notes.)

The former action must have been between the same parties before they can be bound by the judgment. (*Ahlers* v. *Thomas*, 24 Nev. 407.) No rights which the state engineer might grant the Pacific Reclamation Company or its grantees or successors in interest could in any way interfere with the vested rights of appellant, and such permits can be granted subject only to those rights. (Stats. 1913, c. 140, sec. 2.)

*Cheney, Downer, Price & Hawkins*, for Respondent:

The final judgment or decree entered herein should be affirmed. This case comes on appeal from a final judgment entered where every material allegation in plaintiff's complaint is put in issue, and where he failed to introduce any evidence whatsoever. Every allegation in defendant's answer is admitted, in which it is shown that defendant's rights to all the waters of Bishop Creek antedate any right of plaintiff to the use of the waters of the Humboldt River; that the identical questions in issue in this action were decided in an action brought and maintained for and on behalf of plaintiff against the contentions of plaintiff; that to deprive defendant of the use of the waters would be destructive of defendant's property rights and the property rights of other interested parties; that plaintiff knew of the investment made by defendant's predecessors in interest and other parties acquiring rights therefrom; that he knew of the conditions existing, and failed to take any action in reference thereto for more than four years, unless it be held that the action of *Union Canal Ditch Company* v. *Pacific Reclamation Company* was for and on behalf of plaintiff;

and if it be so held, plaintiff is barred and precluded by the final decree entered therein.

"An action may be dismissed by the court  *  *  * upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the court or jury.  *  *  *  In every other case the judgment shall be rendered on the merits." (Rev. Laws, 5237.)

"Each material allegation of the complaint not controverted by the answer, and each material allegation of new matter in the answer not controverted by the reply, and each material allegation in the counterclaim not controverted by the reply, must, for the purposes of the action, be taken as true."

Plaintiff is estopped from and his right to maintain this action is barred by laches.  Every element, not only of laches, but of estoppel, is present in the action, sustaining the final judgment or decree entered. (Kinney on Irrigation, 2d ed. vol. 3, sec. 1605; *Verdugo W. Co.* v. *Verdugo*, 93 Pac. 1021; Weil on Water Rights, 3d ed. vol. 1, sec. 644.)

By the Court, McCARRAN, J.:

This is an appeal from an order overruling a demurrer to an affirmative answer, and from a judgment entered on the pleadings.

The record before us presents a complaint in which certain allegations essential to plaintiff's recovery were set forth.  First, that he is an appropriator of water from the Humboldt River; that such appropriation was during the continuous period of thirty years; that Bishop Creek is and constitutes the headwaters of Humboldt River; that Bishop Creek and Humboldt River constitute one continuous natural watercourse; that the waters of Humboldt River as appropriated by plaintiff were essential to the successful cultivation of the lands of plaintiff and necessary for plaintiff's domestic uses; that the defendant had by artificial means diverted the waters from Bishop Creek; that this diversion was accomplished by the construction by defendant of a reservoir built

across the bed of Bishop Creek above the point on the Humboldt River where plaintiff was accustomed to divert water from the river; that defendant by means of its reservoirs, dams, and other water devices had diverted the water from the natural watercourse, and moreover had impounded by means of its reservoir all the water flowing or to flow in Bishop Creek; that defendant, by means of its reservoir, dams, ditches, canals, and other water devices in so diverting the water from Bishop Creek, had thereby prevented the water from flowing through said creek and through the Humboldt River, and had thereby prevented the water flowing through said stream system from flowing into the ditches of plaintiff, and hence had deprived plaintiff of the use of said water for the irrigation and cultivation of his lands on the Humboldt River.

The prayer of the complaint was for an injunction to prevent the defendant from so diverting the water or impounding the same, and for the establishment by judicial decree of the right of plaintiff to use the waters of Bishop Creek, and to have the same enter his ditches for the uses and purposes to which they had been applied.

The record before us presents a complaint in which certain allegations essential to plaintiff's recovery were set forth. An answer to this complaint was filed, in which, as we view it, each of the allegations of plaintiff's complaint essential to his recovery was specifically denied.

By way of affirmative and separate defense, defendant alleged:

"That for more than thirty-five years last past defendant and its predecessors have continuously during each year appropriated, diverted, used, and consumed all of the waters flowing in said Bishop Creek, and have at all of said times claimed the right so to do, and that said claim of right and said diversion, appropriation, use, and consumption for the irrigation of said lands, of all the waters of said Bishop Creek have been by said defendants and the grantors and predecessors in interest of said defendants actual, visible, open, notorious, exclusive, and

uninterrupted for a period of more than thirty-five years prior to the institution of this action, and adverse to all the world, including plaintiff herein, during all of said time, and that any claim by the plaintiff to said or any of the waters of said Bishop Creek, as an individual stream or as a part or tributary of the Humboldt River, as against the defendant, is wrongful and without right, and constitutes a cloud upon the title of defendant herein."

As a further and second affirmative and separate defense, defendant alleged:

"That all the water flowing in said Bishop Creek has for many years past been appropriated and used for beneficial purposes by defendant and by the grantors and predecessors in interest of defendant, as hereinbefore set forth and alleged, in the irrigation of the lands hereinabove described and for watering stock and for domestic purposes, that all of said waters are necessary, and that there is no other source of supply from which water may be obtained by defendant for said purposes."

These allegations, together with other affirmative allegations, such as that pertaining to the open, notorious construction of reservoirs, diverting dams, canals, ditches, and works for storing, impounding and diverting, conveying and distributing the waters of Bishop Creek, the acquiring of lands under the Carey Act, the incurring of obligations, the laying out and construction on the lands of defendant of the town of Metropolis, the construction in said town and on said lands of expensive buildings, water-works, and lighting plant, the purchase and acquisition of other lands under the irrigation system of defendant and the settlement thereof by a number of persons, the improvement of such lands, the cultivation and irrigation of the same by the waters of Bishop Creek when the same had been stored by the reservoirs constructed, appear in respondent's answer filed by way of affirmative defense. Together with these affirmative allegations, respondent's affirmative answer sets forth the following:

"That on the 13th day of April, 1912, in the above-

entitled court, Union Canal Ditch Company, a corporation, and a number of other corporations and individuals, as plaintiffs, instituted their certain action against said Pacific Reclamation Company and others, said action in said court being numbered 1899. That the scope and purpose of said action above mentioned was the same in character as the present action, in that the plaintiffs in said action mentioned sought to enjoin and restrain said Pacific Reclamation Company from storing and impounding in said reservoir the waters flowing in said Bishop Creek, and to restrain and enjoin said Pacific Reclamation Company from diverting and using the waters of said Bishop Creek so stored and impounded, and also to enjoin said Pacific Reclamation Company from diverting by means of its canals and other devices the waters flowing in Burnt and Trout Creeks, which were alleged to be, and which are, tributaries of said Bishop Creek, the point of junction between said Burnt and Trout Creeks with said Bishop Creek being below the place or location of said reservoir and said diverting dam constructed in the bed and across the channel of said Bishop Creek. That the action, above mentioned, wherein Union Canal Ditch Company, a corporation, and others, were plaintiffs, and said Pacific Reclamation Company, a corporation, and others, were defendants, was, as alleged in said complaint, instituted for and on behalf of plaintiffs therein named and also for and on behalf of all other corporations, persons, and associations similarly situated to plaintiffs therein named and having a common and general interest in the subject-matter of the action with the plaintiffs. That plaintiff herein was, at the time of the institution of said action, above mentioned, similarly situated as the plaintiffs therein named, and had a common and general interest in the subject-matter of the action with the plaintiffs therein named. That the plaintiff herein was named in the answer filed in said action as one of the parties who should be specifically designated and brought in as a party to said action; that the institution of said action, above mentioned, and the hearing upon the order

to show cause why injunction should not issue *pendente lite,* said hearing continuing from May 20 to June 1, 1912, and the issuance of said injunction *pendente lite,* are well known and advertised throughout the State of Nevada. That, upon information and belief, said action, so brought by Union Canal Ditch Company and others, was brought for and on behalf of plaintiff herein, and that plaintiff herein knew of the pendency of said action. That said action was pending in said court from the 13th day of April, 1912, to the 19th day of June, 1915."

It was to this affirmative answer that plaintiff demurred, the overruling of which demurrer occasioned the appeal.

The principal contention of appellant here is that in the case of *Union Canal Ditch Co. et al.* v. *Pacific Reclamation Co. et al.,* the appellant herein was not a party plaintiff or defendant, inasmuch as his name did not appear in connection with that suit. Appellant contends in this respect that, not being a party to that action, he cannot be bound by the judgment, and no judgment of the court granting the Pacific Reclamation Company the water of Bishop Creek could affect his right.

We are cited to the case of *Ahlers* v. *Thomas,* 24 Nev. 407, 56 Pac. 93, 77 Am. St. Rep. 820, to the effect that the former action must have been between the same parties before they can be bound by the judgment. Assuming that all of appellant's contention was correct, we are at a loss to know how it can avail anything in his behalf under the record before us. First and foremost, issues as to matters essential to the success of plaintiff were, by the complaint and the specific denials in the answer, squarely joined.

Section 295 of our Civil Practice Act (section 5237, Rev. Laws 1912) provides:

"An action may be dismissed, or a judgment of nonsuit entered in the following cases:   *   *   *   5.  By the court, upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the court or jury.   *   *   *"

In the case of *Clune* v. *Quitzow,* 125 Cal. 213, 57 Pac.

886, the Supreme Court of California held, under an identical code provision, that upon failure of the plaintiff to appear at the trial where defendant had filed a cross-complaint, the defendant is not bound to take a dismissal of the action, though he might do so, but has the right under the section to proceed with the case in the absence of the plaintiff and have judgment entered upon the merits finally disposing of the case.

1. As we view the record before us, the trial court might have sustained the demurrer as to respondent's affirmative matter relative to the judgment in the case of *Union Canal Ditch Co.* v. *Pacific Reclamation Co.* Indeed, if on motion to strike, this allegation had been stricken from respondent's affirmative answer, there was at least one other issue raised in the affirmative answer, to wit, the priority of appropriation of the respondent, which, if undenied by replication, must, under the statute (Stats. 1915, pp. 192, 193), be taken as true.

By the amendment to our Civil Practice Act (Stats. 1915, pp. 192, 193), it is provided that:

"Each material allegation of the complaint not controverted by the answer, and each material allegation of new matter in the answer not controverted by the reply, and each material allegation in the counterclaim not controverted by the reply, must for the purposes of the action, be taken as true. * * *"

2. As we have already stated, the issue was squarely joined by the answer of the respondent. This put the plaintiff, appellant herein, upon his proof to establish the allegations of his complaint. Failing to do this, we are referred to no rule, and are aware of none, that would preclude the court from dismissing the action on motion of the defendant. The affirmative defense, as we have said, set up at least one allegation which, if undenied, must, under the statute, be taken as true, and which, if uncontroverted and taken as true, established the priority of appropriation in favor of defendant, respondent here. This, being the pivotal point in the controversy, warranted judgment in favor of respondents.

**3, 4.** A demurrer may be made to a whole pleading or to the statement of any of the grounds embodied therein. If, however, a demurrer is filed to the whole pleading, it may be overruled if any of the statements are held to be good in furtherance of the purpose of the pleading, whether it be in establishing an action in complaint or in interposition of a defense. (*Griffiths* v. *Henderson*, 49 Cal. 566; *Holbert* v. *St. Louis, K. C. & N. Ry. Co.*, 38 Iowa, 315; *Hale* v. *Omaha National Bank*, 49 N. Y. 626; *Bondurant* v. *Bladen*, 19 Ind. 160; *Carter* v. *Wann*, 6 Idaho, 556, 57 Pac. 314; *Knapp* v. *Ross*, 181 Ill. 392, 55 N. E. 127; *Jones* v. *Iverson*, 131 Cal. 101, 63 Pac. 135; *Palmer* v. *Breed*, 5 Ariz. 16, 43 Pac. 219; *Jensen* v. *Dorr*, 159 Cal. 742, 116 Pac. 553; *A. O. P.* v. *Dixon*, 45 Colo. 95, 100 Pac. 427; *Johnson* v. *Ry. Co.*, 243 Mo. 278, 147 S. W. 1077; *Baker* v. *Water Co.*, 40 Mont. 583, 107 Pac. 819, 135 Am. St. Rep. 642.)·

In this respect, the rule applies not only as to a complaint, but with equal force to an answer and to the affirmative allegations therein. (*Farmers' Ins. Co.* v. *Menz*, 63 Ill. 116; *Johnson Co.* v. *White*, 78 Minn. 48, 80 N. W. 838.)

**5.** A demurrer which is directed to an entire plea or an entire answer, which plea or answer contains several separable parts, must be overruled if any one of the parts is in itself good. (*Eich* v. *Greeley*, 112 Cal. 171, 44 Pac. 483; *Holbert* v. *St. L. K. C. & N. Ry. Co.*, supra; *Van Housen* v. *Broehl*, 59 Neb. 48, 80 N. W. 260; *Bergstrom* v. *Advertiser Assn.*, 147 App. Div. 774, 131 N. Y. Supp. 1025; *Harrill* v. *Weer*, 26 Okl. 313, 109 Pac. 539; *Williams* v. *Black*, 24 S. D. 501, 124 N. W. 728.)

**6.** But aside from our views as here expressed, let us consider the question most relied upon by appellant, that the former judgment in the case of *Union Canal Ditch Co.* v. *Pacific Reclamation Co.* was not binding upon him, inasmuch as he was not a party specifically named in that action. What shall be said as to the sufficiency of the allegations in respondent's answer as to the former action, parties, and final judgment? The vital point as

against appellant's demurrer is not the ultimate fact itself, but rather is it the allegation of the existence of a former judgment in a cause alleged to have been duly instituted and tried in a court of competent jurisdiction, involving the identical subject-matter, and the further allegation properly connecting the parties in the present action with the force and effect of that former judgment. Here the allegations as to the former judgment set forth the institution of the former action and the date thereof, the name of the principal party plaintiff, and that there were other parties. plaintiff, corporations as well as individuals. It recites that the Pacific Reclamation Company (predecessor in interest to defendant here) was the party defendant. It asserts that the scope and purpose of the former action were the same in character as those of the present action in which appellant is plaintiff and proceeds to specify the scope and purpose in particular. The answer further alleges:

That the action in the former proceedings was, "as alleged in said complaint, instituted for and on behalf of all other corporations, persons, and associations similarly situated to plaintiffs therein named, and having a common and general interest in the subject-matter of the action with the plaintiffs."

Further the answer avers:

"That plaintiff in this action was, at the time of the institution of the former action, a party similarly situated as the other plaintiffs therein named, and that he had a common and general interest in the subject-matter of that action with the plaintiffs therein named."

Further it alleges:

"That the plaintiff herein was named in the answer filed in said action as one of the parties who should be specifically designated and brought in as a party to said action," and "that said action [referring to the former action] so brought by Union Canal Ditch Company and others was brought for and on behalf of plaintiff herein."

Here were allegations setting forth the court, the jurisdiction, the subject-matter, the scope and effect of

.the action, the connection of the plaintiff with that
subject-matter, the final judgment bearing upon and
having to do with the subject-matter, the common and
general interest of the appellant herein in that subject-
matter, and the connection of the plaintiff here with the
force and effect of the former judgment. The averments
here made were sufficient, in our judgment, to constitute
a proper pleading of former judgment affecting the
parties.

7. The question here, being one on demurrer, is not as
to whether the appellant was in fact a party to the former
action and bound by the judgment. The fact in that
respect was for the court to determine if the same was
denied. To express the matter concretely, we may put
it thus: If the appellant here was in fact a party to the
former action, and if the matter adjudicated in that
action was the same as that sought to be adjudicated
here, then the appellant would be bound by the judgment
in the former action. If the former action was brought
"for and on behalf of plaintiff, appellant here," and with
reference to the identical subject-matter as that involved
in the present action, and the defendants here were in
fact successors to beneficiaries of that judgment, then
such judgment would constitute a defense here. The
proper averment of these elements, as we think they
were properly averred in this instance, would stand
against demurrer, and would require denial.

8. The plea of a former judgment affecting the same
parties and the same subject-matter as involved in this
case being sufficiently alleged, the question as to the fact
asserted by the averment was one which, like all other
matters of fact, was for the trial court if the same was
denied; if not denied, it was deemed admitted. The
matters alleged were susceptible of proof, and if proven,
as alleged, would have constituted a defense that might
have been available to defendant, respondent here.
(*Behrensmeyer* v. *Kreitz*, 135 Ill. 591, 26 N. E. 704.) To
the same effect is the case of *McSweeney* v. *Carney*, 72

Ind. 430; *Walker* v. *Ogden,* 192 Ill. 314, 61 N. E. 403.    No issue having been taken to the averment of former judgment, the same must be taken as true.    (*Walker* v. *Ogden, supra; Levy* v. *Ryland,* 32 Nev. 460, 109 Pac. 905.)

The order and judgment appealed from must be affirmed.

It is so ordered.

NORCROSS, C. J.: I concur.

COLEMAN, J., concurring.

I concur in the order, for the reason that I think the matter pleaded in the second affirmative defense states a cause of action under section 5001, Revised Laws of Nevada, wherein it is provided that:

"When the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

In view of this statute, I think the allegation in the defense mentioned, wherein it is alleged that appellant knew of the pendency of the action pleaded in that defense, and that it was brought for and on behalf of the plaintiff, states a good defense.    If that action was brought for and on his behalf, it seems clear that he should be bound by the judgment.    Had the plaintiff filed a reply alleging that the plaintiffs in that action controlled the prosecution of that suit, and that it was so managed as to jeopardize the interest of the plaintiffs, or alleging a conspiracy between plaintiffs and defendants in that action to so control the proceedings as to prejudice the plaintiff in this action, or other fraudulent conduct, a different rule would no doubt apply, notwithstanding the fact that a question of common interest was involved, or that the parties were so numerous that they could not all be brought before the court.

In view of the fact that the judgment must be affirmed for the reason that the second affirmative defense is good,

I do not deem it necessary for the court to pass upon the question as to whether the judgment should be affirmed for the reason that no reply was filed denying the matter pleaded in the first affirmative defense. I am inclined to the view that no reply was necessary to that defense, on the theory that it was not new matter. " 'New matter' is matter in confession and avoidance." (*Ferguson* v. *Rutherford,* 7 Nev. 390.) It seems that it would have been necessary for defendant to have confessed the appropriation of water by plaintiff and sought to have avoided the effect of such appropriation. This was not done. On the other hand, if the allegations of this defense were true, plaintiff never appropriated the water at all. Hence there could have been no confession and avoidance. I am disposed to take the view that this defense comes within the rule that the mere statement of facts in an answer by way of defense, which is inconsistent with the facts alleged in the complaint, is, in effect, nothing more than a denial of the allegations of the complaint. (Bliss, Code Pl. 2d ed. 333; *Goddard* v. *Fulton,* 21 Cal. 430; *Alden* v. *Carpenter,* 7 Colo. 93, 1 Pac. 904; *Sylvis* v. *Sylvis,* 11 Colo. 319, 17 Pac. 912; *McDonald* v. *People,* 29 Colo. 503, 69 Pac. 703; *Cuenin* v. *Halbouer,* 32 Colo. 51, 74 Pac. 885.)