Filed 5/9/16  Guardianship of R.D. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| Guardianship of R.D., a minor. | 2d Civil No. B262096<br>(Super. Ct. No. 1380692 )<br>(Santa Barbara County) |
| W.D. et al.,<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>B.P.,<br><br>    Objector and Appellant. | |

B.P. ("Mother") appeals the order denying her petition to terminate the guardianship of her minor child (R.D.).  R.D.'s grandparents (W.D. and A.D.) are the child's guardians.  We conclude, among other things, that:  1) the trial court did not err by denying Mother's petition to terminate the guardianship after Mother failed to appear at the hearing on her petition, and 2) the trial court did not abuse its discretion by denying Mother's motion for reconsideration.  We affirm.

### FACTS

In 2011, Mother was arrested "for possession of controlled substances."  The trial court appointed the child's paternal grandparents to be the guardians for R.D.  Mother objected to the guardianship.  She requested the court not to grant it until after the

resolution of her pending "criminal" case. The court denied that request. It told Mother that "[t]here is nothing to prevent you at any time from challenging [the] guardianship." It said, "[M]y understanding is that the guardians are allowing visitation as long as they're confident that you're sober."

In 2012, Mother filed a petition to terminate the guardianship. The trial court denied the petition. It found no reason to change the status quo. Mother asked, "How long should I wait to renew it?" The court said, "It's not a question of time, it's a question of what you accomplish and the condition that your life is in."

In 2013, Mother filed a second petition to terminate the guardianship. The guardians opposed the petition. They claimed that Mother had a "criminal history, . . . involving possession, sale, or use of drugs," and that, in 2011, she had "routinely locked [the child] in a bedroom, . . . unattended." The court investigator recommended that the petition be denied. The guardians claimed Mother did not meet her burden because "this child now for the first time in her life is flourishing" in their care. The court denied the petition.

In 2014, Mother filed her third petition to terminate the guardianship. In that petition, she alleged, among other things, that she: 1) had a "[s]uccessful termination of probation," 2) maintained "abstinence from narcotics for over 2 years," 3) "continues participation in [a] 12 step program," and 4) had "gainful employment and [a] stable residence for nearly 2 years." The court investigator filed a report recommending that the trial court deny Mother's petition. The investigator noted, among other things, that Mother's husband had recently been "discharged from parole." Mother claimed that her probation had been "terminated." Mother interpreted this to mean that she could work at "marketing" events where alcohol is served. The investigator said R.D. "is doing well" with the guardians. The report included statements made to the investigator by Mother and one of the guardians.

Mother did not attend the hearing on her petition to terminate. The trial court denied the petition. The court said it "anticipated" that Mother would "be here today to ask for a hearing, but she's not."

2

Mother filed a motion for reconsideration. The trial court held a hearing. After the hearing, the court denied the motion. It said, "I don't find an adequate reason to reconsider the Court's prior ruling."

DISCUSSION

*Denying the Third Petition to Terminate the Guardianship*

Mother contends the trial court erred by denying her third petition to terminate the guardianship. We disagree.

Probate Code section 1601 provides, in relevant part, "Upon petition of . . . a parent, . . . the court may make an order terminating the guardianship if the court determines that it is in the ward's best interest to terminate the guardianship." "[A] decision to terminate a guardianship rests in the broad discretion of the trial court and is not determined on the same basis as the creation of the guardianship or other living arrangement." (*Guardianship of L.V.* (2006) 136 Cal.App.4th 481, 493.) On appeal, "[t]he burden is on the party complaining" about the trial court's decision to show an abuse of discretion. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

Respondents contend the trial court properly denied Mother's petition because Mother did not appear at the hearing on her petition. We agree.

The trial court scheduled a November 6, 2014, hearing on Mother's petition to terminate the guardianship. Mother had notice of that hearing because she was in court on October 2, 2014, when the court scheduled the hearing date for that petition. But when the case was called on November 6, Mother did not appear. Counsel for the guardians advised the court that the "[court] investigator's report recommended the petition be denied." He said, "[W]e'll submit on that." The court denied Mother's petition.

Where parties do not appear for the hearing on the merits of their case, the trial court may enter judgment against them. (*Clune v. Quitzow* (1899) 125 Cal. 213, 214; *Vernon v. Great Western Bank* (1996) 51 Cal.App.4th 1007, 1012-1013; *Forslund v. Forslund* (1964) 225 Cal.App.2d 476, 495.) The court has the right to expect parties to be present and ready to proceed when it calls the case. (*Hurtado v. Western Medical*

3

*Center* (1990) 222 Cal.App.3d 1198, 1204.) Consequently, in cases where a party does not appear, the court may deny relief to that party or dismiss the case. (*Ibid.*; *Vernon*, at pp. 1012-1013; see also Code Civ. Proc., § 581, subd. (b)(5) ["An action may be dismissed . . . [b]y the court, without prejudice, when either party fails to appear on the trial and the other party appears and asks for dismissal"].)

Mother contends the trial court could not deny her petition without conducting an evidentiary hearing and making findings on the best interests of the child. She claims her due process rights were compromised.

Respondents reply that Mother had the burden to present evidence to support her petition. There was no evidentiary hearing because Mother did not go to the hearing and present evidence showing a reason to change the status quo. We agree.

A guardian appointed by the court "cannot be removed and the guardianship terminated except for cause provided by statute." (*Guardianship of Davis* (1967) 253 Cal.App.2d 754, 760.) Parents seeking to terminate a guardianship have the burden of proof. They must present evidence to support their petition and show why a change is necessary. (*Id*. at p. 762.) That burden cannot be met where that parent does not attend the hearing and present evidence.

Mother contends the trial court erred by admitting the court investigator's report. But such a report is authorized by Probate Code section 1513. Court investigators may conduct investigations in guardianship cases. They make reports, file them with the court, and make recommendations which the court may properly consider. (Prob. Code, § 1513, subd. (a).)

Mother claims due process required the trial court to provide her an opportunity to raise objections to the report in an evidentiary hearing. "Due process considerations generally mandate the right to an evidentiary hearing to question the contents of the report or to permit counterevidence." (*Guardianship of Phillip B.* (1983) 139 Cal.App.3d 407, 427.) "But the failure to object to the report or request a hearing effectively waives such right." (*Ibid.*) Because Mother did not attend the hearing, she waived the right to make objections to the report. (*Ibid.*)

4

Mother claims the trial court had no basis to conclude it was in the best interest of the child that the guardianship continue.  But the court investigator stated facts favoring the continuation of the guardianship.  She expressly said that "it would be in the best interest of the minor *that the guardianship continues* with the paternal grandparents . . . ."  (Italics added.)

*The Motion for Reconsideration*

Mother contends the trial court erred by denying her motion for reconsideration.  We disagree.

The trial court found the motion was not properly served on the guardians.  It also ruled the motion should be denied on the merits.

We must apply the abuse of discretion standard to review a trial court's denial of a motion for reconsideration.  (*Shiffer v. CBS Corp.* (2015) 240 Cal.App.4th 246, 255.)  The motion must be based on new facts or circumstances.  (*Lucas v. Santa Maria Public Airport Dist.* (1995) 39 Cal.App.4th 1017, 1027.)  The moving party must show a satisfactory explanation why he or she "failed to produce the evidence at an earlier time."  (*Id.* at p. 1028.)

Respondents contend Mother offered no justification for her failure to attend the hearing on her petition.  They claim the motion for reconsideration was properly denied for this reason.

Mother included a three-page declaration to support her motion.  But it does not contain facts to explain why she did not attend the hearing.  Because of this omission, the trial court could reasonably find there was no factual basis to support a finding that her absence was excusable or for good cause.

In her declaration, Mother said the court investigator's report was "dated November 6, 2014, the same date as the hearing."  She claimed she had new evidence to challenge incorrect statements in that report.  She said her text messages to the guardian for the period of February to June 2014 showed that statements the guardian made to the court investigator about Mother not requesting child visitation were incorrect.

5

Respondents claim Mother's evidence was not new. They note that in Mother's declaration she admitted she "was able to view a copy of the report on the evening of November 5, 2014." That was the day before the hearing. Mother makes a reasonable argument that the report should have been served on her earlier. But the respondents are correct in claiming that Mother made no showing on: 1) why Mother could not have responded to the report or raised objections to it at the November 6th hearing, or 2) why the trial court could not reasonably find Mother's prior text messages were available to her before the hearing. Evidence that the party could have "discovered or produced" at the hearing is not new evidence supporting a motion for reconsideration. (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212-213.)

In her declaration, Mother said, "This evidence was not available at the hearing when the petition for termination was denied." But the credibility of statements in a declaration is a matter exclusively for the trial court to determine. (*City of Pleasant Hill v. First Baptist Church* (1969) 1 Cal.App.3d 384, 410.) Mother has not shown why the trial court could not reasonably question her claim about unavailable evidence for the hearing when she did not state facts under oath explaining why she did not attend that hearing.

Mother suggests the trial court's and the court investigator's actions were unfair. But the record does not support her. In a prior report, the court investigator noted Mother's progress in rehabilitation. She also said there must be evidence of "sufficient time to determine if [Mother] can maintain her sobriety" given her long history involving drugs. In the most current report, that investigator mentioned a guardian's statements. But the report was balanced because she also mentioned positive facts that Mother supplied for the report. From the beginning of this case, the court told Mother that termination of the guardianship would depend, in part, on what Mother would "accomplish." Mother's progress in rehabilitation is commendable. But the court could reasonably infer such progress must continue and be sustained over time. Moreover, the paramount concern is the child's best interests. Mother has not shown an abuse of discretion.

6

We have reviewed Mother's remaining contentions and we conclude she has not shown error.

The judgment is affirmed.  Costs on appeal are awarded in favor of the respondents.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

7

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara

_____

B.P., in pro. per., for Objector and Appellant.

Charles M. Oxton, Eric B. Gans for Plaintiffs and Respondents.