## MARY ANN ELLIS *v.* THOMAS EASTMAN, JAMES BUCKLEY, ROBERT HAMILTON, JOHN SMITH, HANS SCHMIDT, AND JENLOFF SMITOUSKI.

PRIVATE ACT.—An Act of the Legislature confirming sales of land before then made by a Board of Fund Commissioners, which sales conveyed no title for want of power in the Board, is a private statute of which the Courts will not take notice as evidence of title unless offered in evidence.

PRIVATE ACT MUST BE OFFERED IN EVIDENCE.—Courts will not take judicial notice of a private Act unless offered in evidence.

COMMISSIONERS OF SINKING FUND IN SAN FRANCISCO.—The sales of land made by the Commissioners of the Sinking Fund of San Francisco on the 25th day of January, 1851, were void for want of power in the Commissioners.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

Ejectment for a lot of land in San Francisco, on the northeast corner of Larkin and Filbert streets, known on the map

of the city as Fifty Vara Lot Number Seven Hundred and Eighty-Two.

On the trial plaintiff introduced in evidence a deed of the Commissioners of the Sinking Fund of San Francisco to E. P. Buckley, dated February 27th, 1851, purporting to convey the demanded premises to said Buckley. The defendants objected to its introduction, because the Commissioners had no power to convey. Plaintiff then proved a deraignment of title from said Buckley to her. Plaintiff then introduced evidence tending to prove possession in her grantors before the entry of defendants. Defendants were in the possession of separate parcels of the lot.

The cause was tried on the 11th day of August, 1865, and it was admitted on the trial that the lot was within the four leagues of land which, during the year last past, had been confirmed to the City of San Francisco.

The Common Council of San Francisco, on the 23d day of August, 1850, passed an ordinance creating five Commissioners of the Sinking Fund, with power to sell all the real estate of the city, to provide funds for the redemption of the city debt. On the 23d of December following another ordinance was passed, requiring the Presidents of the two Boards of Aldermen to execute a deed of trust of the land belonging to the city to the said Commissioners. The deed was executed December 25th, 1850. In 1851 the Commissioners executed the deed offered in evidence.

The Supreme Court held, in the 2d and 15th of Cal. mentioned in the opinion, that the Common Council had no power to pass the ordinance.

In 1858 (Laws 1858, p. 84) the Legislature passed an Act in general terms confirming and legalizing all sales at auction made *bona fide* by the Commissioners. The Act did not name any particular lot.

The plaintiff recovered judgment in the Court below, and defendants appealed.

The other facts are stated in the opinion of the Court.

*Porter & Holladay*, for Appellants.

*B. S. Brooks*, for Respondent.

By the Court, SANDERSON, J. :

We think that counsel upon both sides misapprehend the true relation which the Act of the 25th of March, 1858 (Statutes, p. 84) bears to the case.   That Act is not a public Act, of which Courts are bound to take notice, but a private statute, which the plaintiff, if she wished to found her title upon it, was bound to offer in evidence.

The deed from the Commissioners of the Sinking Fund conveyed no title to Buckley, for they had no title to convey. (*Smith* v. *Morse*, 2 Cal. 524; *Heydenfeldt* v. *Hitchcock*, 15 Cal. 514; *The People ex rel. The Board of State Harbor Commissioners* v. *The Broadway Wharf Company*, 31 Cal. 33.)   If anything passed to Buckley it was by virtue of the Act of the 25th of March, 1858, confirming the sale and deed of the Commissioners of the Sinking Fund.   Hence that Act is the foundation of the plaintiff's title and performs precisely the same office which the deed of the Commissioners would have performed without it, had they, at the time, been vested with the title.   Its relation to the case is therefore that of evidence, and not that of a public Act of the Legislature; and not having been introduced in evidence, the Court below should have disregarded it for all the purposes of the trial.

It is claimed on the part of the respondent that there is nothing in the record which shows that the Court below founded its decision in any respect upon the Act; but we think we are fully sustained by the record in holding that the Court attached much importance to it, if it was not, in fact, which is more than probable, made the turning point.   In any event it is quite clear that the case was not tried upon the true theory, and that the ends of justice will be subserved by a new trial.

Judgment reversed and a new trial ordered.