[Sac. No. 1.   Department Two.—March 26, 1896.]

## JOHN EICH, RESPONDENT, *v.* JUSTUS GREELEY ET AL., APPELLANTS.

NEGOTIABLE PAPER—ACTION UPON PROMISSORY NOTE—INDORSEMENT AFTER MATURITY—DEFENSE—OFFSET—COUNTERCLAIM—PAYMENT—PLEADING —DEMURRER.—In an action upon a promissory note, where the answer pleaded that the note was indorsed to the plaintiff after maturity, and denied consideration of the note, to the extent of one thousand dollars, and averred that before indorsement of the note, the payee was indebted to the defendants in the sum of one thousand dollars, for money paid, laid out, and expended, and for work and labor done by them for said payee, at his request, in that sum, while he was the holder of the note, which sum was and is an offset and payment on account of the note, and that the same had not been paid, though demanded; and, further, that one thousand dollars was paid on account of the note before transfer to the plaintiff, who had notice thereof, and that plaintiff was the son of the payee, and that the transfer to him was without consideration, for the purpose of defrauding the defendants, although that portion of the answer constituting a counterclaim is fatally defective, ambiguous, unintelligible, and uncertain, by improperly uniting and mingling distinct causes of action in one count, yet, as the plea of payment, notice to plaintiff, and transfer of the note without consideration, as made in the answer, constituted, *pro tanto*, a valid defense to the action, a demurrer to the entire answer was improperly sustained.

ID.—STRIKING OUT IMMATERIAL AND IRRELEVANT PART OF ANSWER— FRAUDULENT TRANSFER OF PROPERTY.—The answer having admitted the making of the note, and shown on its face that there was an amount due thereon sufficient to cover the cross-demands of the defendants, it was immaterial to them or to their case whether or not plaintiff and the payee of the note had procured a fraudulent transfer of all or any part of the property of the payee; and the portion of the answer averring such fraudulent transfer was irrelevant matter, having no proper place in the pleading, and was properly stricken out under section 453 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Yuba County.   E. A. DAVIS, Judge.

The facts are stated in the opinion.

*William G. Murphy*, for Appellants.

*McDaniel & Folsom*, for Respondent.

SEARLS, C.—This is an action by the plaintiff as indorsee of a negotiable promissory note, made by defend-

ants, who are appellants here, for three thousand dollars and interest at ten per cent per annum from date of note, viz., July 7, 1893. The note fell due November 1, 1893. The complaint is in the usual form upon a promissory note.

An answer was filed by defendants, to which plaintiff demurred, and also moved to strike out portions thereof.

The motion to strike out was granted and the demurrer sustained; defendants declining to amend their answer, their default was entered, and judgment rendered in favor of plaintiff in consonance with the prayer of his complaint.

The appeal is from the final judgment, and the sufficiency of the answer as against the demurrer thereto, and the motion to strike out, are the only questions involved in the appeal.

We epitomize in part and quote the residue of the answer as follows: 1. Defendants admit the making of the note to John Eich as payee; 2. Aver that it was indorsed after maturity; 3. Deny there was any consideration for the note beyond two thousand dollars; 4. "The defendants aver that the payee of said note, John Eich, is, and was, before the indorsement of said note, indebted to the defendants for and on account of said note, and the consideration thereof, and as an offset thereto, in the sum of one thousand dollars for money paid, laid out, and expended for and on account of said John Eich, payee of said note, by defendants, at his special instance and request, for labor done and performed for said John Eich while he was the owner and holder of said note, and before the same became due, and which sum of one thousand dollars was, and is, an offset and payment on account of said note; that the said John Eich has not paid the same, though demand has been made on him therefor"; 5. Aver that they paid on account of said note one thousand dollars before the transfer thereof to plaintiff, of which said plaintiff had notice before he received the note; 6. The transfer to plaintiff was without consideration, and was made with

the fraudulent intent on the part of the payee and plaintiff of defrauding the defendants out of said sum of one thousand dollars; 7. The plaintiff is the son of John Eich, payee of said note.

The following is the portion of the answer stricken out by the court: "That for the further purpose of defrauding the defendants out of said sum of one thousand dollars, the said John Eich has transferred all his other property to his daughters, and the said son, the plaintiff, John H. Eich; that said John H. Eich, the plaintiff, was and is a party to all of said fraudulent transfers and transactions, was well aware of the fraudulent intent which induced said transfers, all of which were done by said John Eich and the plaintiff with intent to defraud the defendants out of said one thousand dollars; that said John Eich is now insolvent by reason of said fraudulent transfers of his property, and is unable to respond in said sum of one thousand dollars, and, unless the same be credited on said note, defendants will lose the same."

We think the motion to strike out was properly granted.

1. The answer admitted the making of the note, and on the showing of defendants themselves there was an amount due thereon at least sufficient to cover all their cross-demands. This being so, it was entirely immaterial to them, or to their case, whether or not plaintiff and the payee of the note had procured a fraudulent transfer of all or any part of the property of the latter. It was an irrelevant matter, having no office to fill, and hence no proper place in the pleading, and was therefore properly stricken out under section 453 of the Code of Civil Procedure.

2. We are of opinion the demurrer was improperly sustained. It was to the whole answer. That portion of it constituting a counter-claim was fatally defective, and liable to all the objections urged against it by the demurrer, for the reason that it mingles together in one cause of action sundry causes which might have been severally pleaded under the practice permitting the

common counts to be pleaded.    Under the Hilary rules of the English courts all of the common counts could be united in a single count, but such a practice is not permitted under our code, and the result of the effort so to do, in the present case, leaves the pleading ambiguous, unintelligible, and uncertain.    Still, the plea of payment of one thousand dollars on the note before its indorsement to plaintiff, with notice thereof to the latter, coupled with the denial that it was indorsed before maturity, and the allegation that the transfer of the note was without consideration, constituted, *pro tanto*, a valid defense to the action.

We recommend that the judgment be reversed, and the cause remanded, with leave to the defendants to amend their answer if they shall be so advised.

BRITT, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded with leave to the defendants to amend their answer.

McFARLAND, J., TEMPLE, J., HENSHAW, J.