[Civ. No. 20709.   First Dist., Div. One.   April 29, 1964.]

SOUTH SHORE LAND COMPANY, Plaintiff, Cross-defendant and Respondent, v. ELINOR E. PETERSEN, Defendant, Cross-complainant and Appellant.

726

728

730

Elinor E. Petersen, in pro. per., for Defendant, Cross-complainant and Appellant.

Donahue, Richards & Gallagher, Joseph A. Woods, Jr., and Edwin Shiver for Plaintiff, Cross-defendant and Respondent.

MOLINARI, J.—On this appeal by defendant and cross-complainant, Elinor E. Petersen, hereinafter referred to as appellant, from a judgment entered in favor of plaintiff and cross-defendant, South Shore Land Company, a corporation, hereinafter referred to as respondent, upon the sustaining of a demurrer to appellant's second amended answer and cross-complaint without leave to amend, the sole question is whether said answer states facts sufficient to constitute a defense and whether said cross-complaint states facts sufficient to constitute a cause of action.[1]

---

[1]Appellant also purports to appeal from the order sustaining the demurrer without leave to amend. This is not an appealable order.

## The Proceedings

Respondent filed a complaint to quiet title to a certain tidelot in Alameda County, particularly described and referred to therein as "Parcel 2," against two named defendants, five doe defendants and against all unknown claimants.[2] The complaint alleges that respondent has been in the "actual, exclusive and adverse possession" of said parcel "by itself and its predecessors" "continuously for 20 years prior to the filing of this complaint, claiming during all of the said period to own the said real property in fee against the whole world," and that "during the period of 5 years continuously next preceding the filing of the complaint has, by itself, and its predecessors in interest paid all taxes of every kind levied or assessed against the said real property. . ."[3] The complaint was answered by appellant, appearing as First Doe, the particular answer with which we are here concerned being the "Second Amended Answer." Joined with said answer is a cross-complaint by appellant against respondent purporting to state two separate causes of action, the first seeking to quiet title to "Parcel 2" and the second praying for a judgment in ejectment and for damages. Respondent demurred generally and specially[4] to both the second amended answer and the said cross-complaint. Upon the hearing of said demurrer the trial court made its order sustaining the demurrer to the second amended answer and

(*Lavine* v. *Jessup*, 48 Cal.2d 611, 614 [311 P.2d 8]; *Chas. L. Harney, Inc.* v. *State of California*, 217 Cal.App.2d 77, 80-81 [31 Cal.Rptr. 524].) Accordingly, appellant's attempted appeal from said order must be dismissed.

[2] Two other persons, Sidney J. and Lillian A. Dowling, who were joined as plaintiffs, sought to quiet title to another parcel described in the complaint as Parcel 1. The disposition of their action does not appear in the record. The instant proceeding, however, concerns only "Parcel 2" and is being litigated as between appellant and respondent. The subject complaint also contained a second cause of action predicated upon slander of title. Said cause of action, however, was brought only against one Edward B. Petersen, who is not a party to this appeal. The instant appeal, therefore, is concerned only with respondent's first cause of action which seeks to quiet title to the tidelot referred to as "Parcel 2."

[3] The instant action was apparently brought pursuant to Code Civ. Proc., § 749, providing for the bringing of an action by a person in adverse possession to determine adverse claims and clouds, and it is so asserted by respondent in its brief.

[4] The special demurrer was based upon the grounds of uncertainty, ambiguity and unintelligibility.

said cross-complaint without leave to amend "because said matters do not state a cause of action."[5] Judgment was thereupon entered quieting title to said property against appellant and decreeing that she "take nothing by her Answer, Cross-Complaint and Suit for Ejectment." The instant appeal is from this judgment.

### Applicable Principles

Although the trial court's minute order recites that the demurrer to the second amended answer and the cross-complaint was sustained because "said matters do not state a cause of action," it is apparent that the ground upon which the demurrer to the answer was sustained is that it does not state facts sufficient to constitute a defense. (See Code Civ. Proc., § 444, subd. 2.). ▮ Generally speaking, the determination whether an answer states a defense is governed by the same principles which are applicable in determining if a complaint states a cause of action. (Chadbourn, Grossman, Van Alstyne, Cal. Pleading, §§ 1331, 1336, pp. 488, 492.)

▮ These well-defined principles include the following: "A demurrer reaches only to the contents of the pleading and such matters as may be considered under the doctrine of judicial notice" (*Weil* v. *Barthel,* 45 Cal.2d 835, 837 [291 P.2d 30]; *County of Los Angeles* v. *Security First Nat. Bank,* 84 Cal.App.2d 575, 579 [191 P.2d 87]); ▮ The allegations of the pleading demurred to must be regarded as true (*Stigall* v. *City of Taft,* 58 Cal.2d 565, 567-568 [2 Cal.Rptr. 441, 375 P.2d 289]; *Hopper* v. *Hopper,* 224 Cal.App.2d 446, 447 [36 Cal.Rptr. 767]); ▮ a demurrer does not, however, admit contentions, deductions or conclusions of fact or law alleged in the pleading (*Marin* v. *Jacuzzi,* 224 Cal.App.2d 549, 552 [36 Cal.Rptr. 880]; *Howard* v. *City of Los Angeles* 143 Cal.App.2d 195, 197 [299 P.2d 294]), or the construction placed on an instrument pleaded therein (*Griffin* v. *County of Colusa,* 44 Cal.App.2d 915, 918 [113 P.2d 270]), or facts impossible in law (*Griffin* v. *County of Colusa, supra,* p. 918), or allegations contrary to facts of which a court may take judicial knowledge. (*Chavez* v. *Times-Mirror Co.,* 185 Cal. 20, 23 [195 P. 666]; *Griffin* v. *County of Colusa, supra,* p. 918; *American Distilling Co.* v. *Johnson,* 132 Cal.App.2d 73, 77 [281 P.2d 598]; *Livermore* v. *Beal,* 18 Cal.App.2d 535, 540 [64 P.2d 987].) ▮ The following basic principle is

[5]The record discloses that no ruling was made on the special demurrer.

also applicable to general demurrers, to wit: all that is necessary against a general demurrer is that upon a consideration of all the facts stated, it appears that the party whose pleading is attacked by such a demurrer is entitled to *any* relief at the hands of the court against his adversary, notwithstanding the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action or defense shown, or although the plaintiff, in his complaint, or the defendant, in his answer, may demand relief to which he is not entitled under the facts alleged. (See *Gressley* v. *Williams*, 193 Cal.App.2d 636, 639 [14 Cal.Rptr. 496].)

There are, however, certain important differences between these two kinds of demurrer. ▉ An important difference is that in the case of a demurrer to the answer, as distinguished from a demurrer to the complaint, the defect in question need not appear on the face of the answer.[6] ▉ The determination of the sufficiency of the answer requires an examination of the complaint because its adequacy is with reference to the complaint it purports to answer. (Chadbourn, Grossman, Van Alstyne, Cal. Pleading, § 1334, pp. 490, 491; *Miller & Lux, Inc.* v. *San Joaquin Light & Power Corp.*, 120 Cal.App. 589, 600 [8 P.2d 560].) This requirement, however, does not mean that the allegations of the complaint, if denied, are to be taken as true, the rule being that the demurrer to the answer admits all issuable facts pleaded therein and eliminates all allegations of the complaint denied by the answer. (*Miller & Lux, Inc.* v. *San Joaquin Light & Power Corp.*, supra, p. 600; *Sheward* v. *Citizens' Water Co.*, 90 Cal. 635, 639 [27 P. 439]; Chadbourn, Grossman, Van Alstyne, Cal. Pleading, § 1334, p. 489.) ▉ Another rule, particularly applicable to the case of a demurrer to the answer, is that each so-called defense must be considered separately without regard to any other defense. (Code Civ. Proc., § 441; *Miller & Lux, Inc.* v. *San Joaquin Light & Power Corp.*, supra, p. 601; Chadbourn, Grossman, Van Alstyne, Cal. Pleading, § 1335, pp. 490, 491.) ▉ Accordingly, a ''separately stated defense or counterclaim which is sufficient in form and substance when viewed in isolation

---

[6]Code Civ. Proc., § 430, pertaining to a demurrer to the complaint specifically provides that the defect must appear on the face of the complaint, while Code Civ. Proc., § 443, relating to the plaintiff's demurrer to the defendant's answer omits this requirement. (See Chadbourn, Grossman, Van Alstyne, Cal. Pleading, § 1334, pp. 489-490.)

does not become insufficient when, upon looking at the answer as a whole, that defense or counterclaim appears inconsistent with or repugnant to other parts of the answer." (Chadbourn, Grossman, Van Alstyne, Cal. Pleading, § 1335, pp. 490, 491; *Miller & Lux, Inc.* v. *San Joaquin Light & Power Corp., supra*, p. 601; *Banta* v. *Siller*, 121 Cal. 414, 418 [53 P. 935]; *Buhne* v. *Corbett*, 43 Cal. 264, 269; *Southern Glass Co.* v. *Beverly Dairies, Ltd.*, 7 Cal.App.2d 451, 454 [45 P.2d 1023].) ▆▆ Therefore, if one of the defenses or counterclaims is free from the objections urged by demurrer, then a demurrer to the entire answer must be overruled. (*Eich* v. *Greeley*, 112 Cal. 171, 173-174 [44 P. 483]; *Ramsey* v. *Flournoy*, 58 Cal. 260, 261.) ▆▆ Furthermore, because a defendant is entitled to plead inconsistent defenses, where one separate answer denies all of the allegations of the plaintiff's complaint, the plaintiff is not excused from making proof of the material facts because of admissions of some or all of them found in other and separate answers of the defendant. (*Southern Glass Co.* v. *Beverly Dairies, Ltd., supra,* p. 454; *McDonald* v. *Southern Cal.Ry. Co.*, 101 Cal. 206, 212-213 [35 P. 643].)

### The Answer

Appellant's second amended answer denies that respondent is the owner in fee of Parcel 2, and alleges that she is the owner in fee and in possession of "all the parcel of submerged lands and tidelands embraced in Parcel 2"; and denies that respondent "is in actual, exclusive and adverse" possession of Parcel 2, and avers that she is in possession of said parcel. As a further answer to respondent's allegation that it is in actual, exclusive and adverse possession of said parcel, appellant alleges that no person or corporation can take adverse possession of tidelands under the California Constitution, certain cited federal and California statutes, and certain cited decisions, and further asserts that respondent has "no right, title or possession whatsoever, other than the possession it has with the State of California and the Government of the United States, which is no adverse possession whatsoever," of said parcel. Answering the allegation of respondent's complaint that appellant's claims are without any right and are void, appellant alleges that under the Constitution of the United States, which recognizes treaties with foreign countries as " 'supreme law of the land' " and under " 'The Laws of Nations,' " she has every right to the title and possession and the free enjoyment of the parcel in

question under the Treaty of Guadalupe Hidalgo of 1848 and the Gadsden Treaty of 1853 between the United States and Mexico; and further answering said allegation alleges that the nature of her claim and the "proof of her title" to Parcel 2 is as follows: that in 1820 Don Luis Peralta received a grant to a tract of land called the Rancho San Antonio from the King of Spain; that this grant was acknowledged and reconfirmed in 1844 by the Republic of Mexico which had succeeded to the Spanish sovereignty; that in 1844 Don Luis Peralta granted said Rancho San Antonio to his four sons, one of whom was Antonio Maria Peralta; that this grant and the enjoyment and ownership thereof was guaranteed and protected by the Treaty of Guadalupe Hidalgo, whereby, in 1848, the United States of America succeeded to the Mexican sovereignty; that pursuant to an act of Congress, approved March 3, 1851, entitled " 'An Act to Ascertain and Settle the Private Land Claims in the State of California,' " a portion of the original Rancho San Antonio was confirmed to Antonio Maria Peralta by a patent issued to him and recorded in Book A of Patents at pages 648-672, Official Records of Alameda County, California; that the boundaries of the tract confirmed by said patent included the subject Parcel 2; that on October 22, 1851, Antonio Maria Peralta deeded a portion of said tract, known as the " 'Encinal,' " to William W. Chipman and Gideon Aughinbaugh; that the " 'Encinal,' " was incorporated as the Town of Alameda in 1854; that Parcel 2 fell within the incorporated limits of the Town of Alameda (now the City of Alameda); that the interest of Gideon Aughinbaugh in Parcel 2 was distributed to the Estate of Ella Aughinbaugh, and from the latter estate was distributed to appellant; and that the interest of William W. Chipman in said parcel was distributed in probate to his wife, who thereafter deeded said interest to her daughter, Fannie Chipman, who subsequently granted it to one Carol E. Heche, who, in 1961, quitclaimed said interest to appellant.

As a further answer and separate defense to respondent's claim of adverse possession, appellant alleges that respondent cannot have adverse possession because it is a squatter, claiming possession upon lands held in trust by the government of the United States and the State of California for purposes of fishing and navigation. Allegations are also found elsewhere in the answer to the effect that the title to the parcel in question is other than in appellant. These are to the effect that the government of the United States "maintains the

trust'' over the tidelands in question for purposes of fishing, navigation and commerce ''for the benefit of all the people of the United States''; that no persons, partnerships or corporations can take adverse possession of tidelands ''according to the Trust which is held by the State of California'' for such purposes; that ''[t]here has never been any Legislation to release the parcel of tide and submerged lands here in question, from the Trust held by the City of Alameda with the State of California''; that the title to the property in question has been and is held by the County of Alameda; and that ''she is in possession, and the said possession is with the State of California and the Government of the United States. . . .''

The subject answer is prolix, discursive and replete with evidentiary matters, conclusions of fact, conclusions of law, opinions, arguments and immaterial matter. It is clearly vulnerable to special demurrer and certainly subject to a motion to strike. ▮▮▮ While certain portions of the answer were specially demurred to on the grounds of ambiguity, uncertainty and unintelligibility, the court below chose not to pass upon these grounds, being satisfied, apparently, that the answer was vulnerable to a general demurrer on the basis that it does not state sufficient facts to constitute a defense to the complaint. Accordingly, it becomes our function to ascertain whether, notwithstanding the intermingling of such matters there are averments of ultimate facts sufficient to constitute a defense.

Appellant's answer denies, by way of general denial, the allegations in the complaint that respondent is the owner of the fee in the parcel in question and denies that respondent is in adverse possession thereof. ▮▮▮ It is the general rule that in a quiet title action the denial in the defendant's answer of the plaintiff's ownership and right to possession of the property in question raises issues of fact requiring a trial of the action. (*Coons* v. *Thompson,* 75 Cal.App.2d 687, 689 [171 P.2d 443]; *Hinds* v. *Clark,* 173 Cal. 49, 50-51 [159 P. 153]; *Reese* v. *Gross,* 2 Cal.App.2d 384, 385 [37 P.2d 1058].) This rule is not applicable, however, where the plaintiff sets forth in detail the probative facts upon which his title to the property in question is based. In such a case it is not sufficient for the defendant to deny ownership in the plaintiff generally because such a general denial of ownership is a conclusion of law. It is necessary that he deny the probative facts upon which plaintiff's claim of title is based.

*(Morel* v. *Morel,* 203 Cal. 417, 418-419 [264 P. 760] ; *Cohn* v. *Klein,* 209 Cal. 421, 424-425 [287 P. 459].) The rule of the *Morel* and *Cohn* cases is not applicable in the instant case, however, because respondent's complaint does not set forth the probative facts upon which its claim of title is based.

▮ Appellant also alleges in her answer that she is the owner in fee and in possession of the parcel in question. This allegation is independently pleaded without specific averments showing how such ownership and possession was acquired and is in answer to paragraph IV of respondent's complaint alleging that it is the owner and seized in fee simple of the said property. Such an allegation is one of ultimate fact and good against a general demurrer. (*Peninsula etc. Co.* v. *County of Santa Cruz,* 34 Cal.2d 626, 629 [213 P.2d 489] ; *Robinson* v. *City of Glendale,* 182 Cal. 211, 213-214 [187 P. 741] ; *Gossman* v. *Gossman,* 74 Cal.App.2d 233, 235-236 [168 P.2d 495] ; *Reese* v. *Gross, supra,* p. 385.) ▮ It is well settled that where an allegation of ownership is independently pleaded, and is not expressly predicated upon specific averments, it will be treated as an allegation of ultimate fact. (*Peninsula etc. Co.* v. *County of Santa Cruz, supra,* p. 630; *Robinson* v. *City of Glendale, supra,* pp. 213-214.)[7]

Appellant has also undertaken to plead her claim of ownership by showing the devolution of title from a land grant emanating from the King of Spain. This she does by way of a separate defense and in answer to the allegation in paragraph IX of respondent's complaint that appellant's claim is "without any right and void." ▮ It is the general rule that "where the pleader specifies the different acts taken to acquire title, and alleges that by virtue of those acts he became the owner of the property, the allegation of ownership is a mere conclusion of law and may be disregarded." (*Peninsula etc. Co.* v. *County of Santa Cruz, supra,* p. 630; *Robinson* v. *City of Glendale, supra,* pp. 213-214.) In such a situation, however, while the allegation of ownership is a

---

[7]Although not applicable with respect to the averment in the present case because no such specific averments were pleaded in connection therewith, it is also the rule that any statement of steps taken in acquiring title, unless a weakness is thereby affirmatively revealed, will be considered as surplusage where the allegation of ownership is independently pleaded. (*Peninsula etc. Co.* v. *County of Santa Cruz,* 34 Cal.2d 626, 630 [213 P.2d 489]; *Martin* v. *Hall,* 219 Cal. 334, 338 [26 P.2d 288]; *Smart* v. *Peek,* 213 Cal.452, 454-455 [2 P.2d 380].)

738

conclusion of law, the pleading is not vulnerable to general demurrer where the allegation is predicated upon a detailed statement of preliminary steps taken in obtaining title as long as such conclusion finds full support in the specific facts pleaded. (*Peninsula etc. Co.* v. *County of Santa Cruz, supra*, pp. 629-630.) In the instant case appellant has traced in detail the factual steps leading to her claimed title and possession. These facts are not inconsistent with ownership. Accordingly, insofar as the facts alleged on the face of the answer, when read in connection with the complaint, are concerned the allegation of ownership finds full support in the specific facts pleaded.

In accordance with the foregoing principles, therefore, the general denials as to ownership and adverse possession, the independently pleaded general allegation of ownership in appellant, and the conclusionary allegation of ownership supported by the specific facts pleaded suffice to raise issues of fact warranting the overruling of the general demurrer to the answer. This determination is reached notwithstanding the pleading by appellant of apparent inconsistent defenses which purport to assert that ownership of the parcel in question is in the United States of America, the State of California, and the County of Alameda. As hereinbefore pointed out, if one defense is free from the objection of general demurrer, then a demurrer to the entire answer (as is the case in the instant action) must be overruled.

## The Cross-Complaint

The "first cause of action" of appellant's cross-complaint alleges, essentially, as follows: that appellant is the owner in fee and "in possession with the State of California" of said parcel; that respondent has no title or rights "over and above the demands" of appellant; that respondent "has been given due and constructive notice" that appellant is the owner in fee and possessed of said parcel; that the recordation and assessment of said parcel in the name of respondent constitutes a cloud upon her "Spanish, Mexican title"; that respondent claims to be the owner of said parcel in fee, but said claim is without merit or right and is null and void; that respondent has been given notice to vacate said parcel, but refuses to do so; and that respondent is withholding the same from her free enjoyment, to her damage in not being able to improve said parcel for harbor purposes and in costs incurred "in said delay and to prosecute this action." The "second cause of action" of the cross-complaint repleads all

the allegations of the "first cause of action," and in addition alleges that respondent has during the past 5 years occupied said parcel of tide and submerged lands; that said lands "have been filled to the damage of the said lands"; that said lands have been designated and declared by the State of California as a harbor, and that by filling said tide and submerged lands respondent has destroyed a "potential boat harbor or the use therefor, causing a permanent damage to the lands." The prayer of said cross-complaint seeks a decree of ejectment, a decree quieting title in appellant against respondent, and damages for such filling in the sum of $39,900, plus costs of suit.

Respondent demurred generally and specially to each of said causes of action, the special demurrer being based upon the grounds of uncertainty, ambiguity and unintelligibility, the specifications being that it cannot be ascertained from the cross-complaint that appellant, her grantor, ancestor or predecessor "was seized and possessed of the premises in question within five (5) years before the commencement of the action," and that the cross-complaint "fails to allege the requisite ultimate facts necessary to the maintenance of a suit in ejectment." As in the case of the demurrer to the answer, the trial court did not rule on the special demurrer, but sustained the general demurrer on the ground that the cross-complaint does not state a cause of action.

In determining whether the trial court was justified in sustaining a demurrer without leave to amend we must ascertain whether the subject cross-complaint states at least one cause of action. "A general demurrer challenges the sufficiency of the pleading to state *any* cause of action and must not be sustained if the pleading states facts from which any liability results, although not for some or all of the relief sought to be obtained." (*California Trust Co. v. Cohn*, 214 Cal. 619, 628 [7 P.2d 297].) The essence of a cause of action is the existence of a primary right and one violation of that right, i.e., it arises out of an antecedent primary right and corresponding duty, and a breach of such primary right and duty by the person upon whom that duty rests. (*Shell v. Schmidt*, 126 Cal.App.2d 279, 291 [272 P.2d 82]; *Smith v. Minnesota Mut. Life Ins. Co.*, 86 Cal.App.2d 581, 590 [195 P.2d 457]; *Stryker v. Republic Pictures Corp.*, 108 Cal.App.2d 191, 195 [238 P.2d 670]; *Frost v. Witter*, 132 Cal. 421, 426 [64 P. 705, 84 Am.St.Rep. 53]; *Work v. County Nat. Bank etc. Co.*, 4 Cal.2d 532, 540 [51 P.2d 90]; *Wulfjen*

v. *Dolton,* 24 Cal.2d 891, 895 [151 P.2d 846].) The primary right and duty and the delict or wrong constitute the cause of action in the legal sense. (*Smith* v. *Minnesota Mut. Life Ins. Co., supra,* p. 590.) ▮ "The cause of action is simply the obligation sought to be enforced." (*Panos* v. *Great Western Packing Co.,* 21 Cal.2d 636, 638 [134 P.2d 242]; *Eichler Homes of San Mateo, Inc.* v. *Superior Court,* 55 Cal.2d 845, 847 [13 Cal.Rptr. 194, 361 P.2d 914].) "The cause of action is to be distinguished from the remedy which is the means by which the obligation or the corresponding action is effectuated, and also from the relief sought." (*Smith* v. *Minnesota Mut. Life Ins. Co., supra,* p. 590.)

▮ Accordingly, if the action is brought to enforce a single right violated by the defendant, the complaint states but one cause of action regardless of the number of types of relief sought and notwithstanding that it alleges several theories of recovery. (*Shell* v. *Schmidt, supra,* p. 291; *Merlino* v. *West Coast Macaroni Mfg. Co.,* 90 Cal.App.2d 106, 115 [202 P.2d 748].) ▮ Consonant with this latter principle is the rule that "All damages arising from a single wrong, though at different times, make but one cause of action." (*Hall* v. *Susskind,* 109 Cal. 203, 209 [41 P. 1012]; *Sanders* v. *Allen,* 83 Cal.App.2d 362, 366-367 [188 P.2d 760].)

▮ In the light of these principles, therefore, a pleading is sufficient, as against a general demurrer, if it contains allegations essential to the statement of one cause of action, even though an unsuccessful attempt is made to state facts calling for other or different relief. ▮ Accordingly, if the pleading states grounds for relief, legal or equitable, it will stand the test of general demurrer. (*California Trust Co.* v. *Cohn, supra,* p. 628; *Swan* v. *Talbot,* 152 Cal. 142, 144 [94 P. 238, 17 L.R.A.N.S. 1066].)

▮ In our opinion, the case at bench presents a situation where basically one cause of action is alleged by appellant in her cross-complaint, although she seeks several species of remedy. Her action is essentially one wherein she asserts that respondent claims an interest in real property adverse to her. Its purpose is to quiet title to real property. ▮ In an ordinary action to quiet title it is sufficient to allege in simple language that the plaintiff is the owner and in possession of the land and that the defendant claims an interest therein adverse to him. (*Williams* v. *City & County of San Francisco,* 24 Cal.App.2d 630, 633 [76 P.2d 182]; *Castro* v. *Barry,* 79 Cal. 443, 446-447 [21 P. 916]; 41 Cal.Jur.2d,

Quieting Title, §§ 50-52, pp. 526-534; Code Civ. Proc., § 738.)

    In the instant case appellant alleges that she is the owner in fee and in possession of a parcel of land pertinently described; that respondent claims an interest therein adverse to her; and that such claim is without right. These allegations are ordinarily sufficient to state a cause of action to quiet title. (*Lucas* v. *Sweet*, 47 Cal.2d 20, 22 [300 P.2d 828]; *Ephraim* v. *Metropolitan Trust Co.*, 28 Cal.2d 824, 833 [172 P.2d 501].) The allegation that the recordation and assessment of the property in respondent is a cloud upon her title is mere surplusage and not necessary to the statement of the cause of action.     The complaint need not state particularly the facts concerning the asserted invalidity or attack the instrument that is claimed to be a cloud on the plaintiff's title. (*Hyatt* v. *Colkins*, 174 Cal. 580, 581-582 [163 P. 1007]; *Thompson* v. *Moore*, 8 Cal.2d 367, 372 [65 P.2d 800, 109 A.L.R. 1027]; *Castro* v. *Barry, supra,* pp. 446-447.) It should be here noted that the instant action is not one to remove the cloud alleged to have been created by a particular instrument, in which case the complaint must state facts showing the apparent validity of such instrument and point out the reason for asserting that it is actually invalid. (*Ephraim* v. *Metropolitan Trust Co., supra,* pp. 833-834; *Thompson* v. *Moore, supra,* pp. 372-373; *Castro* v. *Barry, supra,* pp. 446-447.)

    The demands for relief by way of ejectment and for recovery of damages arising out of the withholding of the property are merely remedies incident to the cause of action to quiet title and may be joined with it. (*Keele* v. *Clouser,* 92 Cal.App. 526, 530 [268 P. 682]; *California Trust Co.* v. *Cohn, supra,* p. 629.)     This is an equitable action. (*Medeiros* v. *Medeiros,* 177 Cal.App.2d 69, 72 [1 Cal.Rptr. 696]; *Thomson* v. *Thomson,* 7 Cal.2d 671, 681 [62 P.2d 358, 117 A.L.R. 1].) Accordingly, the court has jurisdiction to hear and determine all issues necessary to do complete justice. (*Bacon* v. *Wahrhaftig,* 97 Cal.App.2d 599, 604 [218 P.2d 144]; *Lent* v. *H. C. Morris Co.,* 25 Cal.App.2d 305, 307-308 [77 P.2d 301]; and see *Sears* v. *Rule,* 27 Cal.2d 131, 148-149 [163 P.2d 443].)     As already pointed out, the seeking of different kinds of relief does not establish different causes of action. Therefore, any deficiency in the statements of the relief or the remedy sought by appellant is the subject of attack by special, rather than a general demurrer.

## Judicial Notice

Respondent asserts that in determining the question before us we are not restricted to the four corners of the pleadings, but that we must read into them matters of which we may take judicial notice. The record does not disclose whether these matters were called to the attention of the trial court. ▮▮▮ However, a reviewing court "can properly take judicial notice of any matter of which the court of original jurisdiction may properly take notice." (*Varcoe* v. *Lee*, 180 Cal. 338, 343 [181 P. 223]; *Ward Mfg. Co.* v. *Miley*, 131 Cal.App.2d 603, 608-609 [281 P.2d 343].) Accordingly, we have heretofore granted respondent's motion to augment the record before us to include documents which, it asserts, we should judicially notice. In granting said motion we have also augmented the record to include documents which appellant, in turn, contends are proper subjects of judicial notice.

The contention made by respondent is that the documents which we are asked to judicially notice show that the tidelot in question was granted into private ownership from public uses to respondent's predecessor in interest, and thus became susceptible to adverse possession, and that appellant is precluded from claiming any title or ownership to said tidelot. It is respondent's claim that because a demurrer does not admit the allegations in appellant's answer and cross-complaint contrary to facts of which a court may take judicial notice, we must hold, in view of such notice, that as a matter of law appellant has no defense to the complaint, and that appellant's cross-complaint does not state a cause of action. The thrust of respondent's argument is that these documents conclusively show that the "Peralta Grant," under which appellant claims title and ownership, did not include the tidelot in question. It is asserted that the documents and records submitted establish the following: that pursuant to the Act of March 3, 1851, hereinbefore mentioned, a patent was issued, pursuant to a decree by a designated commission and its confirmation by a United States court, defining the boundaries of the "Peralta Grant"; that the seaward boundary of said patent lies landward of the tidelot in question, i.e., to the line of ordinary high tide; that when Mexico ceded the land constituting the State of California to the United States, the federal government acquired all rights, not otherwise reserved, to the tidelands thereof; that title to such tidelands passed to the State of California upon her admission to the Union in 1850; that subsequently, in 1868

and 1870, the Legislature of the State of California created a Board of Tideland Commissioners who were empowered to take possession of tidelands lying along the Bay of San Francisco within an area delimited; that said tidelands were to be surveyed and platted into lots and thereafter sold at public auction, and deeds were to be executed therefor conveying to the grantee all of the title and interest of the state to the particular lots sold; that Parcel 2, the tidelot in question, was one of the lots surveyed and platted under the aforesaid acts; and that said tidelot was conveyed to respondent's predecessor by said board on December 29, 1871.

Appellant, on the other hand, asserts that the documents submitted by her show that the tidelot in question fell not only within the boundaries of the "Peralta Grant" as received from the Spanish and Mexican Governments, but also within the boundaries of the patent aforementioned. It is appellant's contention that the Peralta Grant, as confirmed by said patent, set the western boundary of the grant at "the deepest waters of the Bay of San Francisco," thus including within the confines of said grant the tidelot in question which by devolution of title now vests in appellant. It appears also to be appellant's contention that even if the boundary of the grant as delineated in said patent be construed to mean a boundary line at "ordinary high tide," the filling of the tidelands above the surface of the water has resulted in extending the line of high tide outward into San Francisco Bay so as to include the parcel in question within such boundary. As we understand appellant's contention, the required interpretation of the meaning of "the line of ordinary high tide" is that such boundary is the water at the line of ordinary high tide "as it exists each and every day twice in every twenty four hours. . . ."

The matters which respondent requests we judicially notice are contained in the following documents: official map prepared in 1871 by order of the Board of Tide Land Commissioners on file with the State Lands Commission; a map of the Bishop and Hart Tract recorded in 1890 with the County Recorder of Alameda County at the request of McKendree F. Bishop; 1953 city engineer's map of the City of Alameda and vicinity; 1961 map of the Department of the Army showing Oakland-Alameda Harbor Lines; deeds and conveyances purporting to show the chain of title from the Board of Tidelands Commissioners, aforementioned, to respondent; the aforementioned patent from the United States of America to

Antonio Peralta; the order, and judgment pursuant thereto in action No. 35276 of the United States District Court dismissing the claims of appellant and one Carol E. Heche in a condemnation suit affecting "51.424 acres of land situate under the water of the Bay of San Francisco, just off the Alameda Coast"; the opinion of the United States Court of Appeals for the Ninth Circuit in proceeding No. 18667 affirming the judgment of said district court;[8] a permit issued to the Utah Construction Company by the District Engineer of the United States Army Corps of Engineers to dredge and fill tidelands; and the transcript of certain proceedings before this court on October 23, 1962, wherein a brief submitted by appellant was stricken.

Appellant has submitted the following documents with the request that we judicially notice the matters therein contained: the aforementioned patent; deeds and conveyances purporting to show the chain of title from Antonio M. Peralta to appellant; transcript of the record on appeal in the aforesaid appeal to the United States District Court; photostat of a publication defining and explaining the meaning of "meander lines"; certified copy of consent by the City of Alameda, and resolution of the council thereof, authorizing the Utah Construction Company to dredge and fill certain described lands; bylaws of Reclamation District No. 2087; document of record with the County Recorder of Alameda County entitled "Public Notice," referring to the title to the property therein described and purportedly executed by Carol E. Heche; report dated August 1, 1871, of the Chief Engineer to the Board of Tideland Commissioners on file with the Secretary of State; and a "Notice" of record with the County Recorder of Alameda County as to the "fee simple ownership" of the property therein described with maps attached purportedly executed by appellant and Carol E. Heche.

Under section 1875 of the Code of Civil Procedure courts take judicial notice, among other specified matters, of "Whatever is established by law" (subd. 2), and of "Public and private official acts of the legislative, executive and judicial departments of this State and of the United States. . . ." (Subd. 3.)  Section 1875, however, does not define the entire extent of the powers of a court to take judicial notice. (See Witkin, Cal. Evidence, §§ 50-52, pp. 65-68.) Accordingly, courts take judicial notice of *"matters of common*

[8]*Petersen* v. *United States,* 327 F.2d 219.

*knowledge within the jurisdiction* which are certain and indisputable." (Witkin, *supra,* p. 65; see *People* v. *Tossetti,* 107 Cal.App. 7 [289 P. 881].) ▮ Within the purview of the provisions of section 1875, and the principles applicable to such notice under the "common knowledge" rule, judicial notice should be taken "when the circumstances obviously require such action." (*Livermore* v. *Beal, supra,* 18 Cal. App.2d 535, 543; see McCormick, Evidence, § 323, pp. 687-689.) ▮ A court should, of course, be reasonably certain of everything of which it takes judicial notice, and if there is any doubt whatever either as to the fact itself or as to its being a matter of common knowledge, evidence should be required. (*Varcoe* v. *Lee, supra,* 180 Cal. 338, 345; *Livermore* v. *Beal, supra,* p. 543.)

▮ Under the principles applicable to the doctrine of judicial notice we take judicial notice of the following: the system of surveys prevailing in this state;[9] government surveys of public lands and the field notes thereof;[10] a legislative grant from the public domain;[11] official maps;[12] the laws of Spain and Mexico in force in California prior to its conquest;[13] the laws of this state;[14] federal statutes and decisions;[15] official administrative and executive acts of this state and the United States;[16] and court proceedings and records in another case.[17] ▮ Accordingly, as applied

[9]*Bank of Lemoore* v. *Fulgham,* 151 Cal. 234, 239 [90 P. 936].

[10]*Kimball* v. *McKee,* 149 Cal. 435, 439-440 [86 P. 1089]; *Wagner* v. *City of Inglewood,* 53 Cal.App. 356, 358 [200 P. 60]; *Inyo Marble Co.* v. *Loundagin,* 120 Cal.App. 298, 304 [7 P.2d 1067]; *Rogers* v. *Cady,* 104 Cal. 288 [38 P. 81, 43 Am.St.Rep. 100].

[11]*People* v. *Oakland Water Front Co.,* 118 Cal. 234, 245-246 [50 P. 305].

[12]*Merritt* v. *Barta,* 158 Cal. 377, 381 [111 P. 259]; *People* v. *Southern Pac. Co.,* 177 Cal. 555, 558 [171 P. 294].

[13]*Ohm* v. *City & County of San Francisco,* 92 Cal. 437, 450 [28 P. 580].

[14]*People* v. *Jefferson,* 47 Cal.2d 438, 445 [303 P.2d 1024]; *Peck* v. *Noee,* 154 Cal. 351, 353 [97 P. 865].

[15]*Zinn* v. *Ex-Cell-O Corp.,* 148 Cal.App.2d 56, 81 [306 P.2d 1017].

[16]*Livermore* v. *Beal,* 18 Cal.App.2d 535, 541 [64 P.2d 987]; *Sheehan* v. *Vedder,* 108 Cal.App. 419, 425-426 [292 P. 175]; *Arnold* v. *Universal Oil Land Co.,* 45 Cal.App.2d 522, 529 [114 P.2d 408]; *Wilson* v. *Loew's Inc.,* 142 Cal.App.2d 183, 188 [298 P.2d 152]; *People* v. *Haugh,* 216 Cal.App.2d 603, 606 [31 Cal.Rptr. 74].

[17]*Flores* v. *Arroyo,* 56 Cal.2d 492, 496-497 [15 Cal.Rptr. 87, 364 P.2d 263].

to the instant case, we judicially notice the official maps; the deed from the Board of Tideland Commissioners to Charles R. Bowen et al., and the report of the Chief Engineer to said board; the subject patent from the United States of America to Antonio Peralta; the permit from the United States Corps of Engineers and the bylaws of the reclamation district. ▉▉ We do not, however, take judicial notice of private maps and instruments of record as between private individuals,[18] nor of municipal or city ordinances or the rules of local boards.[19] ▉ Accordingly, as applied to the instant case, we cannot judicially notice the deeds and conveyances in the chains of title asserted respectively by appellant and respondent other than the conveyances from the United States and the State of California; the photostat of the publication with reference to meander lines; the consent and resolution of the City of Alameda; the map of the City Engineer of the City of Alameda; and the documents of record entitled "Public Notice."

It is not necessary for us to reiterate all the elements necessary to the establishment of actions in adverse possession and to quiet title, or the defenses thereto. Suffice it to say, proof of continuous possession for 20 years and the payment of taxes for five years prior to the commencement of the action by respondent and its predecessors is not provided by matters judicially noticed; nor does the doctrine furnish the evidence necessary to establish the strength of appellant's title in her quiet title action. ▉ If the respective parties rely upon written instruments to establish their claim of right, as it appears they do, it is incumbent upon them to establish, by sufficient evidence, all of the links in their alleged chain of title for the period requisite to their respective causes of action. We are satisfied, therefore, that although there are matters in the instant case which are the proper subjects of judicial notice, these fall short of establishing the respective causes of action and defenses. Accordingly, the parties will be required to produce proof at the trial in addition to these matters.

We are not unmindful of the holding in *Petersen* v. *United*

---

[18]*Hill* v. *Barner*, 8 Cal.App. 58, 64 [96 P.111]; *Goodwin* v. *Scheerer*, 106 Cal. 690, 694 [40 P. 18]; *Ellis* v. *Eastman*, 32 Cal. 447, 449.

[19]*Thompson* v. *Guyer-Hays*, 207 Cal.App.2d 366, 373 [24 Cal.Rptr. 461]; *County of Los Angeles* v. *Bartlett*, 203 Cal.App.2d 523, 529 [21 Cal.Rptr. 776]; *City of Oakland* v. *Brock*, 8 Cal.2d 639, 641 [67 P.2d 344]; *Fickeisen* v. *Civil Service Com.*, 98 Cal.App.2d 419, 423 [220 P.2d 605].

*States,* 327 F.2d 219, that the patent to Antonio Peralta excluded from its coverage any land covered by the waters of San Francisco Bay beyond the line of ordinary high tide. The effect of this decision is to delineate the pertinent western boundary as defined in the patent to the Peralta Grant. While the effect of such decision is such as to establish as a matter of law that tidelands located beyond the line of high tide are not located within the coverage of such grant, it does not determine that either respondent or appellant is the owner and in possession of the parcel in question as alleged in the respective complaints. Each will still be required at the trial to prove the necessary elements required to establish the possession and title asserted. The effect of the *Petersen* case, however, is to put at rest any claim that the Peralta Grant extended beyond the line of ordinary high tide.

## THE SPECIAL DEMURRER

Having concluded that the subject answer and cross-complaint is good against general demurrer, it becomes necessary for the trial court to rule upon the special demurrer asserted against such pleadings. (*Weinstock* v. *Eissler,* 224 Cal.App. 2d 212, 237 [36 Cal.Rptr. 537].)

The attempted appeal from the order sustaining the demurrer without leave to amend is dismissed. The judgment is reversed with directions to the trial court to overrule the general demurrer to the second amended answer and cross-complaint, and to rule upon the points presented by the special demurrer. Appellant to recover costs on appeal.

Bray, P. J., and Sullivan, J., concurred.