Filed 3/8/23  Hepler v. Hagos CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ERIK HEPLER, Individually and as Administrator, etc.,<br><br>        Plaintiff, Cross-defendant and Respondent,<br><br>        v.<br><br>EYASSU HAGOS et al.,<br><br>        Defendants, Cross-complainants and Appellants. | B316879<br><br>(Los Angeles County Super. Ct. No. 20STCV45736) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Yolanda Orozco, Judge.  Affirmed.

Lyle D. Solomon for Defendants, Cross-complainants and Appellants.

Clark Hill, David L. Brandon, Hayden S. Alfano; Mikelson & Mikelson and Larry D. Mikelson for Defendants, Cross-defendants and Respondents Eyassu Hagos and HagosHomes.

————————————

Erik Hepler agreed to sell a residence owned by the estate of Ellen Hepler to Evassu Hagos and Hagoshomes, LLC (collectively Hagos parties). Hepler, individually and as administrator of the estate of Ellen Hepler, subsequently filed this lawsuit to invalidate the purchase agreement because it had been entered before Hepler was authorized by the probate court to dispose of estate property. The trial court agreed and granted Hepler's motion for judgment on the pleadings. On appeal the Hagos parties contend the court abused its discretion in granting Hepler's motion without permitting them to amend their answer. They also argue the court should have denied the motion because Hepler failed to meet and confer before filing it, as required by Code of Civil Procedure section 439.[1]

The record designated by the Hagos parties for appeal omits most of the significant documents, including Hepler's complaint; the Hagos parties' answer; the motion for judgment on the pleadings; and the Hagos parties' cross-complaint, which they assert contained (unspecified) factual allegations that, if included in an amended answer, would have cured the deficiencies the court identified in its order granting Hepler's motion. In addition, the Hagos parties elected not to provide a reporter's transcript or other record of the oral proceedings on Hepler's motion. It is impossible for us on this sparse record to evaluate the issues the Hagos parties present in their opening brief. (They did not file a reply brief.) Moreover, the Hagos parties, who do not directly challenge the trial court's legal ruling based on pertinent provisions of the Probate Code, fail to articulate how they could amend their answer to overcome its fatal

---

[1] Statutory references are to this code unless otherwise stated.

2

shortcomings.  Making all presumptions in favor of the validity of the judgment, as we must (see, e.g., *Kinney v. Superior Court* (2022) 77 Cal.App.5th 168, 177 [""""[a] judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness""""]), we affirm.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Pleadings and Motion for Judgment on the Pleadings*

Hepler initiated this action on November 30, 2020 with a complaint alleging causes of action for cancellation of instrument and declaratory relief concerning the purported sale of real property located in Pasadena that had been owned by Ellen Hepler and then her estate.  Although the complaint is not part of the record on appeal, the court's order granting the motion for judgment on the pleadings stated Hepler sought to invalidate a March 16, 2019 agreement to sell the residence to the Hagos parties because he had not yet obtained authority to dispose of any estate property at the time of the transaction.[3]

---

[2] Because we affirm the judgment on the merits, we do not address Hepler's additional argument that Hagoshomes's corporate status has been suspended by the Franchise Tax Board and it therefore lacks standing to pursue its appeal.  (See *Bourhis v. Lord* (2013) 56 Cal.4th 320, 324 [as a general matter, a "'corporation may not prosecute or defend an action, nor appeal from an adverse judgment in an action while its corporate rights are suspended for failure to pay taxes'"].)  Hepler's October 25, 2022 motion for judicial notice is denied as unnecessary.

[3] It appears the Hagos parties may have sold the property to W1 Holdings, LLC sometime thereafter.

The Hagos parties filed a cross-complaint on January 20, 2021 with 11 causes of action, including one to quiet title, and their answer to the complaint on March 4, 2021. Neither document is included in the record on appeal.

On May 13, 2021 Hepler filed his motion for judgment on the pleadings, supported in part by a request for judicial notice that included a probate order appointing Hepler administrator of the estate of Ellen Hepler dated December 18, 2019 and letters of administration signed by the court dated January 8, 2020.[4] Neither document is included in the record on appeal. The Hagos parties filed an opposition to the motion, and Hepler filed a reply with another request for judicial notice. The Hagos parties' opposition, together with a declaration by their counsel, is part of the record on appeal; the Hepler reply and second request for judicial notice are not.

2. *The Order Granting the Motion and Judgment in Favor of Hepler*

The court heard argument on the motion on September 3, 2021. No reporter's transcript or other record of the oral proceedings is included in the record on appeal. The court took the matter under submission and on September 13, 2021 issued its order granting the motion.

The court initially found that Hepler failed to meet and confer before filing his motion for judgment on the pleadings as required by section 439. Noting (without citing authority) that this failure was a ground for denial of the motion, the court admonished counsel to abide by meet-and-confer requirements while stating it would consider the merits of the motion.

_____

[4] The trial court granted Hepler's request for judicial notice of these documents.

The court then explained under Probate Code section 8400, subdivision (a), an individual has no authority to act on behalf of an estate until appointed the personal representative and that appointment becomes effective through issuance of letters of administration. Hepler's appointment was not effective until January 8, 2020. Accordingly, Hepler lacked legal capacity to enter into the purchase agreement on March 16, 2019 for real property that belonged to Ellen Hepler's estate[5] and that agreement was void.

In opposition to the motion the Hagos parties argued a limited power of attorney signed by Hepler on August 11, 2020 after the letters of administration had been issued delegated to them his authority as administrator, expressly permitting them to sell the real property and effectively ratifying Hepler's previously unauthorized agreement to sell the property. Although the Hagos parties' allegations regarding the import of the limited power of attorney were contained only in their cross-complaint, not their answer, the court considered the argument and rejected it, ruling the limited power of attorney could not lawfully delegate the authority to sell real property. After pointing to the general prohibition in Probate Code section 16012 against delegating the performance of acts a trustee can reasonably be required to perform, the court ruled neither Probate Code section 16052, subdivision (a), which permits delegation of investment and management functions, nor Probate Code section 16247, which authorizes the trustee to hire professionals, including attorneys and investment advisers to

---

[5]     Hepler's motion papers established that the real property was not included in Ellen Hepler's trust and, therefore, had to be probated following her death.

5

assist the trustee in the performance of administrative duties, allowed for delegation of the power to sell real property belonging to the estate.[6] Thus, both the 2019 purchase agreement and the limited power of attorney's sale provision were void.[7]

The court expressly found that allowing the Hagos parties to amend their answer to include the facts presented in their opposition to the motion—that is, the facts alleged in their cross-complaint—would not cure their answer's deficiencies. Accordingly, the motion was granted without leave to amend.

Judgment in favor of Hepler was entered on October 13, 2021. The Hagos parties filed a timely notice of appeal.

## DISCUSSION

1. *Governing Law and Standard of Review*

A plaintiff's motion for judgment on the pleadings may be granted if "the complaint states facts sufficient to constitute a cause or causes of action against the defendant and the answer does not state facts sufficient to constitute a defense to the complaint." (§ 438, subd. (c)(1)(A); see *State Comp. Ins. Fund v. ReadyLink Healthcare, Inc.* (2020) 50 Cal.App.5th 422, 445.)

"'Motions for judgment on the pleadings are usually made by defendants. In such instances the motion is the equivalent of a general demurrer, and on appeal from the judgment the

---

[6] The court observed a possible exception existed for a sale of the property for investment purposes by a professional hired by the estate to manage its investments. But, the court found, no facts were alleged that indicated this exception applied.

[7] Because both the purchase agreement and the limited power of attorney's sale provision were void, the court concluded, any sale to W1 Holdings was also void, even if W1 Holdings was a bona fide purchaser.

appellate court will assume the truth of all facts properly pleaded in the complaint. [Citation.] Motions by a plaintiff for judgment on the pleadings, which are less common, are the equivalent of a demurrer to an answer, and the standard of review is obverse: the appellate court will assume the truth of all facts properly pleaded in the answer and will disregard the controverted allegations of the complaint. [Citations.]' [Citation.] Such a motion 'must be denied if the defendant's pleadings raise a material issue or set up affirmative matter constituting a defense.' [Citation.] Stated differently, '[w]here the answer, fairly construed, suggests that the defendant may have a good defense, a motion for judgment on the pleadings should not be granted.'" (*Engine Manufacturers Assn. v. State Air Resources Bd.* (2014) 231 Cal.App.4th 1022, 1034.) "The determination of the sufficiency of the answer requires an examination of the complaint because its adequacy is with reference to the complaint it purports to answer." (*South Shore Land Co. v. Petersen* (1964) 226 Cal.App.2d 725, 733.)

We review de novo an order granting a motion for judgment on the pleadings, "deriv[ing] the pertinent facts from properly pleaded allegations in the challenged pleading and judicially noticeable matters." (*City and County of San Francisco v. All Persons Interested in Matter of Proposition C* (2020) 51 Cal.App.5th 703, 713; accord, *York v. City of Los Angeles* (2019) 33 Cal.App.5th 1178, 1193 [trial court's ruling on a motion for judgment on the pleadings is reviewed de novo]; see *Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 166.)

7

2. *Hepler's Failure To Meet and Confer Did Not Obligate the Court To Deny the Motion*

Section 439, subdivision (a), provides that, before filing a motion for judgment on the pleadings, the moving party must meet and confer with the party who filed the challenged pleading. Section 439, subdivision (a), also contains details concerning the necessary timing and content of the required meeting. As discussed, the trial court found Hepler had failed to comply with those requirements. It also stated, without citation to authority, that it could deny the motion because of that failure. On appeal the Hagos parties similarly assert, also without citation to authority, a failure to meet and confer may serve as the basis for denying a motion for judgment on the pleadings.[8] (Cf. Cal. Rules of Court, rule 8.204(a)(1)(B) [each point in the brief should be supported, if possible, by citation of authority].)

Section 439, subdivision (a)(4), however, expressly provides, "A determination by the court that the meet and confer process was insufficient shall not be grounds to grant or deny the motion for judgment on the pleadings." Pursuant to this provision, the trial court acted well within its authority in admonishing Hepler to comply with meet-and-confer requirements in the future and deciding the motion on its merits.

---

[8] Even if the premise for the argument were correct, a highly doubtful proposition, the Hagos parties do not contend dismissal is mandatory. Nor do they address why it was an abuse of discretion for the trial court to elect to proceed to the merits of the motion under the circumstances here.

3. *The Record on Appeal Is Inadequate To Allow Us To Evaluate the Argument the Trial Court Considered Improper Material in Deciding the Motion*

It was the Hagos parties' burden as appellants to provide an adequate record demonstrating reversible error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [to overcome presumption an appealed judgment or order is correct, the appellant must provide an adequate record demonstrating reversible error]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["[i]t is well settled, of course, that a party challenging a judgment has the burden of proving reversible error by an adequate record"].) The Hagos parties contend the trial court improperly considered matters beyond the allegations of Hepler's complaint and their answer to the complaint when ruling on the motion. However, they elected not to provide either document in the record they designated for their appeal. It is impossible for us to determine what has been alleged in the missing documents and, therefore, to assess whether the trial court committed error by considering matters not included in them. (See generally *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [""'if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed'""]; *Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935 ["[f]ailure to provide an adequate record on an issue requires that the issue be resolved against appellant"].)

The Hagos parties make no other substantive challenge to the trial court's ruling. In particular, they do not contend the court misconstrued the provisions of the Probate Code it cited or misapplied those provisions when ruling the March 16, 2019 purchase agreement and the August 11, 2020 limited power of attorney were void.

9

4. *The Hagos Parties Failed To Identify Amendments That Would Cure the Defects in Their Answer*

The Hagos parties' final argument is that the trial court abused its discretion in granting Hepler's motion without allowing them to file an amended answer, as authorized by section 438, subdivision (h)(1).[9] As the Hagos parties acknowledge, it is their burden on appeal to demonstrate a reasonable possibility an amendment would cure the defects in their answer identified by the trial court. (See *King v. CompPartners, Inc.* (2018) 5 Cal.5th 1039, 1050; *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349; *Akhlaghpour v. Orantes* (2022) 86 Cal.App.5th 232, 242.) To carry that burden, they must "'show in what manner [they] can amend [their answer] and how that amendment will change the legal effect of [their] pleading.'" (*Salazar v. Target Corp.* (2022) 83 Cal.App.5th 571, 577; accord, *Graham v. Bank of America, N.A.* (2014) 226 Cal.App.4th 594, 618 ["'"The burden of proving such reasonable possibility is squarely on the plaintiff."' [Citation.] To satisfy this burden, "'a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading'"' by clearly stating not only the legal basis for the amendment, but also the factual allegations to sufficiently state a cause of action"].)

Arguing it was an abuse of discretion to deny leave to amend, the Hagos parties assert the trial court implied the facts alleged in their cross-complaint, if included in the answer, would have changed the ruling on the motion. That analysis, they

_____

9      Section 438, subdivision (h)(1), provides, "The motion provided for in this section may be granted with or without leave to file an amended complaint or answer, as the case may be."

10

contend, establishes a reasonable possibility the defects in their answer could be cured through amendment.

This argument—the sole ground advanced for seeking leave to amend—is predicated on a misrepresentation of the trial court's order.  As discussed, after noting the allegations contained in the Hagos parties' opposition papers regarding the effect of the limited power of attorney had been included in their cross-complaint, but not their answer, the court nonetheless considered—and rejected—the argument that, by signing that document after issuance of the letters of administration, Hepler properly authorized the sale of the Pasadena property.

The Hagos parties identify no other factual allegations they could include in any amended pleading, let alone explain how additional allegations would change the legal effect of their answer.  There was no abuse of discretion in denying leave to amend.

## DISPOSITION

The judgment is affirmed.  Hepler is to recover his costs on appeal.


PERLUSS, P. J.

We concur.


SEGAL, J.


FEUER, J.

11